## JAMES BRAYLEY *vs.* WILLIAM W. KELLY.

### July 2, 1878.

**Evidence—Printed Signature.**—A printed paper, with the printed signature of one of the parties, cannot be introduced in evidence against him, without being in some way verified as made by or coming from him.

Verdict set aside for want of evidence

Action on a promissory note for $290, made by defendant to plaintiff, bearing date August 10, 1871, and payable on or before November 1, 1872. Defence, that the note in suit, and another of like date and amount, were given for the price of a threshing-machine; that in the summer of 1872, the defendant and an agent of plaintiff agreed to a rescission of the sale, and that the notes should be returned to defendant, if he would permit such agent to have the machine; that thereupon the defendant delivered the machine to such agent, who resold it to one McGregor, and delivered to defendant one of the notes made by him, and agreed to deliver the note in suit; and that McGregor has paid to plaintiff the greater part of the price on the sale to him.

At the trial in the district court for Brown county, before *Hanscome*, J., the defendant proved the giving of the two notes, and that one Wise, in 1872, made with the defendant the agreement pleaded in the answer, and obtained the machine and sold and delivered it to McGregor, and surrendered to the defendant one of the two notes given by him; that Wise agreed with McGregor, also, to surrender defendant's notes, and that McGregor refused to pay the balance of the price on the sale to him till plaintiff should surrender the note in suit. The defendant also, under objection and exception, introduced in evidence a paper, marked Exhibit B, addressed to McGregor, notifying him of the maturity of a note. This paper, including the name of the plaintiff as signer, was in print, except the description of the note. McGregor testified that the note described therein was the same given by him

on his purchase of the machine from Wise. No other evidence was introduced of Wise's agency for plaintiff, or of the authorship of Exhibit B. The jury found for defendant, a new trial was refused, and plaintiff appealed.

*S. L. Pierce* and *J. Newhart,* for appellant.

*W. F. Smith,* for respondent.

GILFILLAN, C. J. The verdict should be set aside on two grounds. *First,* the court erred in admitting the printed paper "Exhibit B." There was nothing to verify it as made by plaintiff, or as coming from him. For aught that appears, it may have been made by defendant, or any one else not connected with plaintiff. *Second,* the transaction upon which defendant relies as a defence to the note sued on, was had with one Wise, and there is no evidence whatever that Wise was, either by previous appointment or subsequent ratification, the agent of the plaintiff.

Order reversed, and new trial ordered.