MARY C. LANE v. GILBERT M. WOODRUFF *et al.*

1. MORTGAGE—*Lien.*  A mortgage upon real estate creates a lien upon whatever estate, right or title the mortgagor may have in the real estate mortgaged.

2. COVENANTS—*Breach—Subrogation.*  A breach in the covenants of the Woodruffs inures to the benefit of A. M. & Co., the mortgagee of Lane, and if Lane is compelled to and does pay the mortgagee of A. M. & Co., he is thereby subrogated to the rights of said mortgagee, and is entitled to maintain this action.

MEMORANDUM.—Error from Labette district court ; J. D. McCUE, judge.  Action by Mary C. Lane against Gilbert M. Woodruff and wife.  Judgment for defendants, and plaintiff brings the case to this court.  Reversed.  Opinion filed July 16, 1895.

The statement of the case, as made by DENNISON, J., is as follows :

This is an action brought in the district court of

16—APP.

Labette county, Kansas, by Mary C. Lane against
Gilbert M. Woodruff and wife, in which the plaintiff
seeks to recover damages sustained by her because
of a breach of covenant in a deed executed by these
defendants on the 23d day of December, 1885. The
petition filed herein is as follows (omitting title) :

"Said plaintiff complains of said defendants, and
alleges : That on December 3, 1885, said defendants
executed and delivered to this plaintiff their certain
deed in writing of that date, duly acknowledged, a
copy of which is hereto attached and made a part
hereof, whereby they represented that they had good
right and lawful authority to and pretended to sell
and convey to plaintiff the southwest quarter of sec-
tion two (2) in township thirty-two (32) of range
eighteen (18) in Labette county, Kansas, for and in
consideration of the then value of said premises, to
wit, the sum of $2,000 ; whereupon, in pursuance of
such supposed purchase by and conveyance to her,
she at once took possession of said premises ; that by
the terms of said deed, said defendants covenanted
with plaintiff as follows : 'That at the delivery hereof
they are the lawful owners of the premises above
granted, and seized of a good and indefeasible estate
of inheritance therein, free and clear of all incum-
brances,' and 'that they will warrant and defend the
same in the quiet and peaceable possession of the said
party of the second part, her heirs and assigns for-
ever, against all persons lawfully claiming the same ;'
that, as a part of the $2,000 consideration paid de-
fendants for said premises, plaintiff assumed and paid
off a mortgage at that time existing thereon for $500 ;
that thereafter, and to wit, on or about August 13, 1886,
said plaintiff and her husband, William C. Lane, for
the purpose of securing their note to Angell Matthew-
son & Co. for $900, dated August 2, 1886, and bearing 7
per cent. per annum interest, payable semi-annually,
executed, acknowledged and delivered to said Angell
Matthewson & Co. their mortgage deed, on the above-
described premises ; and thereafter, to wit, on or about

July 14, 1887, plaintiff and her said husband executed, acknowledged and delivered to C. B. Kennedy a deed, whereby, in consideration of the then value of said premises, to wit, the sum of $2,500, they purported to sell and convey to him the above-described real estate, with covenants on their part substantially the same as those contained in the said deed from defendants to plaintiff; that thereupon, in pursuance of such purported purchase by and conveyance to him, said C. B. Kennedy took possession of said premises, which he retained until evicted as hereinafter stated; that said conveyance to said C. B. Kennedy, however, was made subject to said mortgage for $900 and interest placed thereon by plaintiff and her husband as aforesaid, which sum of $900, so secured was, by agreement between said parties, deducted from the value and agreed price of said real estate, and was, with plaintiff's consent, retained by said Kennedy for the purpose of applying the same to the payment and discharge of said mortgage when it became due, and only the difference between said sum of $900 and the contract-price of said real estate was paid by said Kennedy to said plaintiff therefor.

"Plaintiff alleges, that at the time of the execution and delivery to her of the deed from defendants as aforesaid, said defendants were not, nor was either of them, seized of a good and indefeasible estate of inheritance in said premises or in any part thereof, nor did they, or either of them, at any time thereafter acquire such an estate therein or in any part thereof; nor have said defendants, or either of them, defended said premises or any part thereof in the quiet and peaceable possession of plaintiff, her heirs and assigns, against all persons lawfully claiming the same, as they in said deed covenanted to do:

"Plaintiff alleges, that at the time defendants executed and delivered to her the deed aforesaid, George E. Johnson and Wealthy C. Nichols were the full, legal and equitable owners of the above-described real estate, and entitled to its possession and enjoyment, and have ever since remained such owners and en-

titled to such occupancy; that on May 19, 1890, at the May, 1890, term of the district court for Labette county, Kansas, in an action then pending in said court, wherein said George E. Johnson and Wealthy C. Nichols were plaintiffs, and said C. B. Kennedy and others were defendants, it was by said court duly and legally ascertained and adjudged that said George E. Johnson and Wealthy C. Nichols were the full, legal and equitable owners of the above-described premises, and entitled to their possession and enjoyment, and that they recover the possession thereof from said C. B. Kennedy; that said defendants had due notice of the pendency of said action and proceedings, and said Gilbert M. Woodruff, defendant, was one of the parties defendant in said suit; that by virtue of said judgment said Kennedy was ejected from said premises, and said George E. Johnson and Wealthy C. Nichols were put in possession thereof, which they still hold; that, at the time of said eviction of C. B. Kennedy from said premises, they were of the reasonable value of $2,000; that because of the failure of title to said real estate which said C. B. Kennedy supposed he was obtaining by virtue of the deed hereinbefore described from plaintiff to him, he refused to pay the $900 note secured by mortgage on said premises as aforesaid, or any part thereof, and because of the failure of such title said Angell Matthewson & Co., the said mortgagees, were unable to hold said real estate liable for the payment of said note, and, therefore, required payment thereof from plaintiff, and plaintiff was, because of such failure of title to said real estate, compelled to and did pay said note and procure the release of said mortgage; that to pay said note plaintiff was compelled to expend for principal and interest a sum exceeding $950; that subsequent to the rendition of said judgment and his eviction from said premises as aforesaid, said C. B. Kennedy released said defendants from any action for damages by him sustained on account of breach of warranty and failure to make good their several covenants in their deed to plaintiff hereinbefore described;

that in said settlement between Kennedy and the Woodruffs they did not take into consideration the matter of said $900 mortgage, and said mortgage and the debt secured as aforesaid, did not form any portion of the damage settled between said parties; that the only damage claimed by Kennedy or paid by the Woodruffs was the sum actually paid by Kennedy to plaintiffs, which was the difference between the agreed value of said real estate and said $900, and said mortgage debt of $900 and interest was left wholly unsettled, and to be adjusted between plaintiff and defendants.

" Plaintiff alleges, that by reason of the matters and facts herein stated, she has been damaged in the sum of $1,000, all of which damage resulted from a failure on the part of said defendants to keep, observe and perform their several covenants contained in their said deed to plaintiff.

"Wherefore, plaintiff demands judgment against said defendants for the sum of $1,000, with interest, and for costs of suit."

#### EXHIBIT.

"This indenture, made this third day of December, in the year of our Lord one thousand eight hundred and eighty-five, between Gilbert M. Woodruff and Sarah A. Woodruff, his wife, of the city of Parsons, in the county of Labette and state of Kansas, of the first part, and Mary C. Lane, of the second part:

"Witnesseth, that said parties of the first part, in consideration of the sum of $2,000 to them duly paid, the receipt of which is hereby acknowledged, have sold and by these presents do grant and convey to the party of the second part, her heirs and assigns, all the tract or parcel of land situated in the county of Labette and state of Kansas, and described as follows, to wit: The southwest quarter of section two (2), in township thirty-two (32), range eighteen (18) east, with the appurtenances, and all the estate, title, and interest of the said parties of the first part therein; and the said Gilbert M. Woodruff and wife do hereby covenant and agree that, at the delivery hereof, they

are the lawful owners of the premises above granted, and seized of a good and indefeasible estate of inheritance therein, free and clear of all incumbrances, except a mortgage for the sum of $500 which the party of the second part assumes and agrees to pay; and that they will warrant and defend the same in the quiet and peaceable possession of the said party of the second part, her heirs and assigns forever, against all persons lawfully claiming the same, except the above-mentioned mortgage. ·

"In witness whereof, the said parties of the first part have hereunto set their hands and seals, the day and year last above written.

"Signed, sealed and delivered in presence of J. B. Wilson.                   GILBERT M. WOODRUFF, (Seal).
               SARA A. WOODRUFF, (Seal)." ·

(Omitting acknowledgment and filing.)

To which said petition defendants filed the following demurrer, omitting title: "Now come the defendants herein and demur to the petition filed herein, upon the ground and for the reason that the petition does not state facts sufficient to constitute a cause of action;" which said demurrer was by the court sustained, and the sustaining of said demurrer is the error complained of by this plaintiff.

*Nelson Case*, for plaintiff in error.

*Kimball & Osgood*, for defendants in error.

The opinion of the court was delivered by

DENNISON, J.: The question to be decided in this case is, whether or not the covenants in the deed given by the Woodruffs to Lane are such covenants as can be recovered upon by said Lane, after having mortgaged the land to Angell Matthewson & Co., and after having deeded the land to said Kennedy subject to the $900 mortgage, and after having paid

Angell Matthewson & Co. the said $900 and interest.
A mortgage of real estate in this state passes no title
to or interest in the land, but simply creates a lien
upon it. The mortgage given to Angell Matthewson
& Co. was a lien upon whatever interest or estate
Lane had in the land. After having given the mort-
gage, Lane could only ·deed the land subject to the
lien created by said mortgage, and Kennedy could
only take, under the deed, such interest as Lane might
have had in the premises at the date of the deed,
which was supposed to be the fee title, subject to the
lien of said mortgage. A lien ɯpon whatever right,
title, interest or estate Lane had in said land passed
to the mortgagee, and the mortgage carried with it a
lien upon said estate, and the covenants being a part
of said estate and running with the land, said Angell
Matthewson & Co. were entitled to recover upon said
covenants. The said Kennedy, not having paid the
full purchase-price of said land but having retained
$900 with which to pay said mortgage, is not en-
titled to all the benefits of the covenants running with
said land until he has performed his full contract and
paid the full purchase-price. Not having paid the
$900, he is not entitled to all the benefits of the cove-
nants until after said $900 has been fully paid ; and
these defendants, having settled with the said Ken-
nedy for all damages to them, only settled for what
interest he may have had in said lands or said cove-
nants. This plaintiff, having paid the $900 and the
interest thereon to said Angell Matthewson & Co., is
entitled to recover under said covenants the damages
she sustained by reason of having to pay the said $900
and interest. In this case, the amount for which
these defendants were liable, upon a breach of their
covenants, was the purchase-price which they received

from this plaintiff. The petition alleges that that amount was $2,000. It also alleges that Kennedy paid this plaintiff $2,500, which was to include the $900. This plaintiff was liable upon her covenants to Kennedy for the amount of the purchase-price which Kennedy paid her. This plaintiff would be entitled to recover from said Woodruffs, on their covenants, the said sum of $900 and interest; and said Kennedy would be entitled to recover from them the balance between that amount and $2,000, and would be entitled to recover from this plaintiff, upon her covenants, the balance ·between the sum of $2,500 (less the amount of the mortgage) and the amount received from the Woodruffs, or could, if he so desired, recover the whole amount of the purchase-price actually paid from this plaintiff. The demurrer should have been overruled.

The judgment of the court below is reversed, and this case remanded with instructions to overrule the demurrer.

All the Judges concurring.