[No. 1907. Decided December 24, 1895.]

FRANCES JACKSON, *Respondent*, v. ANGUS McAULEY, *Defendant*, M. A. SCHWAB *et ux., Appellants*.

PLEADING — PENDENCY OF ANOTHER ACTION — MISJOINDER OF PARTIES — WHEN HARMLESS — COVENANT OF WARRANTY — BREACH.

A demurrer to a complaint on the ground that another action is pending between the same parties as to the same subject matter cannot be sustained where there is nothing upon the face of the complaint indicating the pendency of such other action.

A misjoinder of parties defendant furnishes no ground for reversal of a judgment where the cause was dismissed as to a defendant claimed to have been improperly joined.

A covenant of warranty in a deed is broken by ouster by a purchaser at a foreclosure sale under a mortgage outstanding when the deed was executed.

Appeal from Superior Court, King County.—Hon. RICHARD OSBORN, Judge. Affirmed.

*Charles F. Fishback* (*James B. Dowd*, of counsel), for appellants:

Upon the point that ouster under an outstanding mortgage is not a breach of a covenant of warranty for the reason that it does not appear that such ouster is by superior title, counsel cite *Armstrong v. Darby,* 26 Mo. 520; *Wiggins-Ferry Co. v. O. & M. Ry. Co.*, 94 Ill. 91; *Brady v. Spurck,* 27 Ill. 478; *Bostwick v. Williams,* 36 Ill. 69 (85 Am. Dec. 385); *McGary v. Hastings,* 39 Cal. 366 (2 Am. Rep. 456); *Chicago, etc., Ry. Co. v. Packet Co.*, 70 Ill. 221; *Spencer's Case,* Smith's Leading Cases, 136; 2 Sugden, Vendors (6th ed.), 312; 2 Sutherland, Damages, 279; 2 Black, Judgments, § 568; 4 Kent, Commentaries, 473.

*William Martin*, for respondent:

A covenant for quiet enjoyment runs with the land,

and its breach depends upon the disturbance or damage which an incumbrance or defect may thereafter cause. *Leddy v. Enos*, 6 Wash. 247; *Sprague v. Baker*, 17 Mass. 590; *Harding v. Larkin*, 41 Ill. 422; *McConnell v. Downs*, 48 Ill. 271; Rawle, Covenants for Title, § 70.

A mortgage or other lien will constitute a breach of a covenant of warranty when they are enforced. Tiedeman, Real Property, § 855; *Lamb v. Danforth*, 59 Me. 324 (8 Am. Rep. 426); *Cowdrey v. Coit*, 44 N. Y. 382 (4 Am. Rep. 690); *Janes v. Jenkins*, 34 Md. 1 (6 Am. Rep. 300).

The opinion of the court was delivered by

HOYT, C. J.—This was an action for damages for breach of a covenant of warranty contained in a deed made by the appellants M. A. Schwab and Franziska Schwab to Angus McAuley, conveying certain real estate, which was afterwards by said McAuley by warranty deed conveyed to the plaintiff. After a demurrer to the complaint had been interposed and overruled, an answer was put in by the appellants which was replied to by the plaintiff. Upon the issues thus made, the cause went to trial before the court without a jury, and findings of fact and conclusions of law were made and filed, and thereupon judgment in favor of the plaintiff was rendered, from which this appeal is prosecuted.

From the record it is not made to appear that there were any exceptions to the findings of fact, and the result under the rule established by numerous decisions of this court is that such findings must be taken to be true, and, if they are sufficient to support the judgment rendered, it will not be reversed by reason of the fact that the evidence is not sufficient to

support the findings. It is not contended in the appellant's brief but that the judgment in the case at bar is sustained by the findings, hence none of the exceptions taken during the trial can be of any avail. The only alleged error, which under the state of the record we can investigate, is that founded upon the action of the court in overruling the demurrer to the complaint. This demurrer was upon three grounds:

1. That there was another action pending between the same parties and as to the same subject matter.

2. Misjoinder of parties defendant.

3. That the complaint did not state facts sufficient to constitute a cause of action.

There was nothing upon the face of the complaint which in any way indicated that there was another action pending as to the same subject matter between the same or any other parties, and since a demurrer can only reach defects which appear upon the face of the complaint, this ground of demurrer was without any foundation. If there was a misjoinder of parties defendant, that fact furnishes no ground for the reversal of the judgment for the reason that the cause was dismissed as to the defendant which it was claimed had been improperly joined with the appellants. The reason for claiming that the complaint did not state a cause of action, as we gather it from appellant's brief, was that the covenant contained in the deed was one only for quiet enjoyment, and that the breach shown in the complaint was the existence of an encumbrance upon the property.

The facts alleged in the complaint were that the appellants before making the deed in which the covenant was contained executed a mortgage to one William S. Ladd, that said mortgage had been foreclosed in an action to which the appellants were par-

ties, and the property sold in pursuance of a decree rendered in said action, and the purchaser at such sale put in possession of the property by the sheriff. That the ouster alleged was sufficient to have constituted a breach of the covenant is conceded by appellants, but they claim that it did not constitute a breach of the covenant of warranty for the reason that it did not appear that such ouster was by superior title; but we think that such fact did appear. When the deed was made which contained the covenant the mortgage was in existence as an outstanding claim upon the land, and the deed was subject to the mortgage, and, if it was, the rights under the mortgage must have been superior to those under the deed. The argument of appellants to the effect that there would never be any need of a covenant against incumbrances, if the one for quiet enjoyment was to be construed as this one was by the trial court, cannot be sustained. If one is content to take a deed with a covenant for quiet enjoyment only, he can have no relief until his possession is disturbed by one claiming under a superior title. He could have no relief whatever by reason of the fact that there was a mortgage upon the property at the time the deed was made until the rights under the mortgage had been so asserted as to interfere with his possession; whereas, if the deed had contained a covenant against incumbrances, a right of action would have accrued upon the delivery of the deed, if at the time there was an outstanding mortgage upon the property. It is true, that at the time the deed was executed the mortgage was only a lien upon the property, but the rights of the holder were to have that lien enforced against the property in the hands of the grantee of the mortgagor, and by means of it to have the title conveyed taken away. The right to evict the

plaintiff had its source in the mortgage, and therefore the rights under it must have been superior to the title conveyed to the plaintiff.

The judgment must be affirmed.

ANDERS, SCOTT and GORDON, JJ., concur.

DUNBAR, J., concurs in the result.