[No. 9249. Department One. June 27, 1911.]

PENNSYLVANIA CASUALTY COMPANY, *Respondent*, v.
WASHINGTON PORTLAND CEMENT COMPANY,
*Appellant.*[1]

INSURANCE—AGENT FOR INSURED—EXISTENCE OF RELATION—INDEPENDENT CONTRACTOR. Where a construction company acted as the agent of the owner for a commission, the owner furnishing the labor and material for the construction of a plant, the owner is liable for the premium on accident insurance taken out in the name of the construction company by authority of the owner, and the construction company is not an independent contractor.

ACTIONS—MISJOINDER—PARTIES—PRINCIPAL AND AGENT. There is no misjoinder of causes of action in suing the owner and its building agent for the premium on an accident insurance policy issued in the name of the agent by authority of and for the benefit of the owner.

PARTIES—DEFECT OF PARTIES DEFENDANT—PRINCIPAL AND AGENT—ELECTION. There is no defect of parties defendant from the fact that, in an action on a contract of insurance made by a building agent for the owner, an undisclosed principal, the creditor elected to hold the principal only and discharged the agent.

APPEAL—REVIEW—PLEADING—HARMLESS ERROR — DEFECTS CURED BY EVIDENCE. The failure of a complaint to state a cause of action is immaterial where evidence was admitted without objection broadening the issue and establishing a cause of action.

Appeal from a judgment of the superior court for King county, Leroy V. Newcomb, Esq., judge *pro tempore*, en-

[1]Reported in 116 Pac. 284.

tered July 14, 1910, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action on contract. Affirmed.

*Million & Houser* and *Thomas Smith,* for appellant.

*R. S. Eskridge* (*R. G. Hutchinson,* of counsel), for respondent.

Gose, J.—In June, 1905, the Pacific Construction Company, hereafter called the construction company, entered into a contract with the Washington Portland Cement Company, the appellant, whereby the former agreed to superintend certain construction work for the latter. The contract, after reciting that the appellant was about to commence the construction of a plant for the manufacture of Portland cement, provided that the construction company should furnish "all equipment, tools, and implements commonly used to construct, erect, and complete all work in connection with the clearing, grubbing, grading, and construction of the flumes and trestles, intakes and bulkheads, power house and transmission lines, railroad and tramway included in the plant." It further provided that: "The Pacific Construction Company further agrees to furnish all camp outfit for housing and feeding the men employed on said work, for which they shall be paid at the rate of $5.25 per week, the same to be deducted from the wages of said employees and paid to the Pacific Construction Company." And further provided: "The Pacific Construction Company is to be paid as full compensation for furnishing the above equipment, tools, and outfit and for superintending the construction of the work as aforesaid, ten per cent upon the cost of all material and labor entering into the construction work." It was also agreed that the general manager of the construction company should act in an advisory capacity to the general manager and resident engineer of the appellant in all matters pertaining to the work, when his services were desired, without additional compensation other than his expenses; that the appellant should de-

posit in a designated bank at Seattle, to the credit of the construction company, the sum of $2,000; and that, in addition thereto, it should honor upon presentation all drafts drawn by the construction company "for labor and materials as per invoices and pay rolls, said invoices to be first O. K.'d by the general manager of both companies, and in addition thereto will honor drafts for the ten per cent maturing and becoming due" to the construction company as the work progresses; and that all checks drawn by the construction company against the bank account should be first countersigned by some designated agent of the appellant.

Thereafter and on the 21st day of June, 1905, the respondent, Pennsylvania Casualty Company, entered into a contract of insurance with the construction company, whereby it agreed to indemnify the construction company for the period of one year against loss or liability imposed upon it by law on account of bodily injuries or death suffered by any employee of the assured in the prosecution of the work. The respondent casualty company brought this suit against the construction company and the appellant to recover the balance of an unpaid premium. From a judgment in its favor against the appellant, this appeal is prosecuted.

The appellant contends that there is no liability upon it for the payment of any part of the premium. An analysis of the contract makes it clear, we think, that the construction company was the agent of the appellant in carrying on the work. The construction company agreed to furnish the "equipment, tools, and implements," and to superintend the construction, for a commission of ten per cent of the cost of the labor and material. It further agreed to furnish "all camp outfits for housing and feeding the men employed on said work" for $5.25 per week, "the same to be deducted from the wages of said employees and paid to the Pacific Construction Company." It is apparent from this clause, and indeed from the entire instrument, that appellant was to furnish the labor and material other than the tools and appliances for

carrying on the work, and to bear the expenses incident to the work. The construction company, by the terms of the contract, was obligated to furnish the board and lodging to the men at a fixed price per week, to be paid to it by the appellant. The manager of the construction company testified that he took the indemnity in the name of his company at the solicitation of the appellant's manager; that "I entered into an agreement for this policy the same as I entered into an agreement for a dozen other things. I bought for the Washington Portland Cement Company, iron. I bought powder. I contracted for lumber. I contracted for piles. I entered into contracts for every one of those in the name of the Pacific Construction Company for the Washington Portland Cement Company. They paid the bills, but they were paid through the Pacific Construction Company. The Washington Portland Cement Company furnished the money to pay the bills." It indisputably appears that the manager of the construction company acted as purchasing agent for all the material that went into the work, and that the checks of the construction company issued in payment were paid by the appellant. The construction company was merely the agent of the appellant, its undisclosed principal. It is not necessary to determine what rights the appellant would have had under the policy. If it directed the construction company to procure the insurance in its name it is liable for the premium, the same as it was liable for the material purchased by the construction company as its purchasing agent.

The appellant demurred to the complaint on the grounds, (1) that several causes of action are improperly united; (2) that there is a defect of parties defendant; and (3) that the complaint does not state facts sufficient to constitute a cause of action. It urges here that the demurrer should have been sustained. The first ground is without merit. There is no attempt to state more than a single cause of action. The appellant was not prejudiced by the overruling of its demurrer on the second ground. The judgment was

entered against it, but not against the construction company. *Jackson v. McAuley*, 13 Wash. 298, 43 Pac. 41. When an agent incurs an obligation for the benefit of an undisclosed principal, the creditor, upon learning the fact, may elect to hold the principal liable. 31 Cyc. 1578, 1579. The election to hold the appellant responsible as an undisclosed principal discharged the liability of the construction company. 31 Cyc. 1578.

The complaint alleges the issuance of the policy, a partial payment of the premium, sets forth the contract between the appellant and the construction company, and, in effect, alleges that each denies its liability and asserts the liability of the other. It is doubtful, therefore, if a cause of action is stated against the appellant. While we have said that the contract shows upon its face that the construction company is merely a superintending agent of the appellant in the prosecution of the work, it is at least questionable whether it would have implied authority to take out accident insurance in its own name at the expense of the appellant. This question we need not decide, inasmuch as practically all the evidence upon both sides was admitted without objection, and as thus broadened, a cause of action is established against the appellant.

It is said that the construction company was an independent contractor, under the rule announced in *Campbell v. Jones*, 60 Wash. 265, 110 Pac. 1083. There is no similarity in the facts in the two cases. In that case the railroad company employed the contractors to do the work according to their own methods and with their own tools, material, and men, subject to the one condition that certain defined results should be obtained. The construction company here was in no sense an independent contractor. There is nothing in the contract or the record which remotely suggests such a relation.

The judgment is affirmed.

DUNBAR, C. J., FULLERTON, PARKER, and MOUNT, JJ., concur.