[No. 9915.  Department One.  November 3, 1911.]

A. M. BLACK et al., Respondents, v. ELLA BARTO, Executrix etc., Appellant.[1]

COVENANTS—QUIET ENJOYMENT—BREACH—NECESSITY OF EVICTION —COTENANTS. No actual eviction is necessary in order to recover damages for breach of a covenant of quiet enjoyment, where a decree awarded an undivided interest to a tenant in common and the grantor had assumed to sell the whole interest as a unit.

Appeal from a judgment of the superior court for King county, Ronald J., entered June 27, 1911, in favor of the plaintiffs, after a trial before the court without a jury, in an action for breach of covenant. Affirmed.

*Tucker & Hyland*, for appellant.
*Wingate & Dolby*, for respondents.

GOSE, J.—In March, 1903, the defendant, Ella Barto, and her husband, since deceased, conveyed certain real property situate in King county to the plaintiffs. The deed of conveyance contained a covenant for the quiet enjoyment of the property. The purchasers thereafter sold and conveyed the property by deeds of warranty. Thereafter, at the suit of one Edward Collins, a decree was entered adjudging him to be the owner of an undivided one-fourth interest in the property. The judgment was affirmed upon appeal. *Horton v. Barto*, 57 Wash. 477, 107 Pac. 191, 135 Am. St. 999. The plaintiffs thereupon satisfied their warranties, and commenced this suit to recover the damages resulting from the breach of the covenant in the deed to them. From a judgment for the plaintiffs, the defendant has appealed.

The appellant's contention is that, until there has been an actual eviction by one holding under a superior title, there can be no recovery of damages for a breach of this cove-

[1]Reported in 118 Pac. 623.

nant, and that, inasmuch as the adjudication made Collins a tenant in common with the grantees of the respondents, there has been no such eviction.

We think that, where the purchaser of real property with a covenant for quiet enjoyment has a cotenant thrust upon him by operation of law in consequence of a title superior to that of the covenantor, there has been such a disturbance of the possession of the covenantee as to warrant the successful prosecution of a suit for breach of the covenant. *West Coast Mfg. & Inv. Co. v. West Coast Imp. Co.*, 25 Wash. 627, 66 Pac. 97, 62 L. R. A. 763; *Cameron v. Burke*, 61 Wash. 203, 112 Pac. 252; *Lane v. Woodruff*, 1 Kan. App. 241, 40 Pac. 1079; *Eversole v. Early*, 80 Iowa 601, 44 N. W. 897; 8 Am. & Eng. Ency. Law (2d ed.), 112; 2 Sutherland, Damages (3d ed.), §§ 603, 604. In the *West Coast* case a recovery for breach of covenant for quiet enjoyment was permitted when it transpired that a part of the land embraced in the covenant was tide land, and that the covenantee had purchased it from the state upon notice from the latter that it could exercise its option of purchase or vacate the premises. A like view was announced upon similar facts in the *Cameron* case. The rule is stated as follows in 11 Cyc. 1120, 1121:

"While it has been repeatedly said that the covenant for quiet enjoyment is broken only by eviction, the true rule, and that which is most consonant to the form of the covenant as usually expressed, is that any actual disturbance of the possession, equivalent to the eviction, by one having a lawful and paramount title at the time of the execution, is a breach of the covenant. A failure to obtain possession, as well as a disturbance of, or eviction from, the possession, is, according to the weight of authority, within the meaning of the covenant."

The appellant argues that, because of the fact that, in legal contemplation, the possession of one tenant in common is the possession of all, there is no disturbance of possession shown here, and could be none until a partition was made or

some equally unequivocal act was performed.    The argument, we think, overlooks the fact that the appellant and her husband assumed to sell the property as a unit.    When the unit was destroyed and a cotenant forced upon the respondents, the covenant was broken.

Nor do we think *Morgan v. Henderson*, 2 Wash. Ter. 367, 8 Pac. 491, cited by the appellant, announces a different rule.    As we read it, it holds that there must be an actual eviction or something "equivalent to such actual eviction." *Jackson v. McAuley*, 13 Wash. 298, 43 Pac. 41, also cited by the appellant, recognizes the view that the covenant is broken where the possession is disturbed.    Surely it cannot be contended that the respondents' possession of the undivided one-fourth interest was not disturbed after it had been adjudged that Collins was the owner of that interest in the property.    *Waldron v. M'Carty*, 3 Johns. (N. Y.) 471, 473, also cited by appellant, announces the rule that there can be no action on a covenant for quiet enjoyment without an allegation in the complaint that there was an entry and expulsion from the possession "or some actual disturbance in the possession."

We think the learned trial court correctly applied the law. to the facts in the case, and the judgment is affirmed.

Dunbar, C. J., Fullerton, Parker, and Mount, JJ., concur.