[No. 11152. Department Two. December 2, 1913.]

## D. P. McDONALD, *Respondent*, v. NEW WORLD LIFE INSURANCE COMPANY, *Appellant*.[1]

PRINCIPAL AND AGENT—AUTHORITY OF AGENT—EVIDENCE. In an action against an insurance company and its selling agent, to recover commissions earned by plaintiff on the sale of stock, printed matter outlining its plan of operations and commending it as an investment feature is not admissible, as against the company, upon an issue as to whether plaintiff was employed by the company or by the selling agent, in the absence of any proof that the company had issued or authorized the publications; and a hearsay statement that it was issued by the company, and the fact that it was mailed from S. where both the selling agent and the company were located, is not sufficient proof of the company's connection therewith.

PRINCIPAL AND AGENT—LIABILITY OF PRINCIPAL TO THIRD PERSONS —ELECTION TO HOLD AGENT. In an action against a principal and its selling agent, to recover commissions earned by plaintiff on the sale of stock, a prior election by plaintiff, with full knowledge of the facts, to hold the agent precludes any recovery against the company.

Appeal from a judgment of the superior court for King county, Everett Smith, J., entered December 9, 1912, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract. Reversed.

[1]Reported in 136 Pac. 702.

*Thomas A. E. Lally, John D. Carmody,* and *Pat M. Tammany,* for appellant.

*James T. Lawler* and *William H. Burns,* for respondent.

Morris, J.—Appeal from a judgment based upon a verdict in an action where it is sought to recover commissions, claimed to be due from appellant upon a sale of its capital stock. The action was brought against the appellant and the Columbia Finance Company. The finance company, however, was not served. The theory of the respondent is that the finance company was the authorized agent of the insurance company for the sale of the stock, and that, as such, employed him, and that, acting under such employment, he sold the stock on which the commission is claimed. The appellant contends that respondent was not its agent in the sale of the stock, but represented the finance company and it alone, and that the latter company is responsible to him for his commission. Having reached the conclusion that the judgment must be reversed, we will make only such reference to the facts as is necessary to a proper understanding of our views on the point submitted.

Error is claimed in the admission of certain exhibits, consisting of printed matter giving an outline of the intention of the insurance company, which was a new organization just embarking in the writing of life insurance, as to its plan of operation, the value of its stock as an investment, a personal reference to each of its officials, and copies of letters purporting to have been written by various well-known gentlemen, commending the insurance company as an investment feature. These exhibits were introduced as binding upon appellant, without any preliminary proof of their authorization or issuance by appellant. The respondent testified that some of these exhibits were handed him by a Mr. Gorman, who is not claimed to have any connection with appellant. Others were sent him by mail from Spokane. It is admitted that Spokane is the home office of appellant. It is also the home office of

the finance company and of a Mr. Harding, who was the person through whom respondent first became interested in the sale of the stock and whose connection with the insurance company was one of the issues in the case; respondent claiming he was acting for the appellant, while appellant claims Harding was acting solely for the finance company. We, therefore, think that, if deemed material, in order to make these exhibits admissible as against appellant, there should have been some proof from which the jury could find that they were authorized or issued by appellant, or that in some way appellant had become responsible for their existence. *Atchison, T. & S. F. R. Co. v. Cruzen*, 31 Kan. 718, 3 Pac. 520; *Berry v. Mathewes*, 7 Ga. 457; *Brayley v. Kelly*, 25 Minn. 160.

Respondent seeks to bind appellant by testifying that Mr. Harding told him that the exhibits came from appellant. It seems to us something more than this hearsay evidence and the mailing of the exhibits from Spokane was necessary, and that it would be a comparatively easy matter to show, if such were the fact, that appellant either authorized or issued the exhibits. The ruling here made is not intended to apply to all the exhibits, as some of them were admissible upon the proof subsequently made from which authorization might be inferred. Others, however, were admitted without any preliminary proof or any fact from which authorization could be inferred. Our ruling is intended to apply to those exhibits only which fall within the latter class.

Appellant contended that, knowing that the finance company was the selling agent of the insurance company, respondent had elected, prior to the commencement of this action, to hold the finance company; and in support of this contention requested the court to instruct the jury that:

"If you find from the evidence in this case that the plaintiff, with full knowledge of the facts, had elected at some time prior to hold Columbia Finance Company, a corporation, lia-

ble for his commission, you shall return a verdict for defendant New World Life Insurance Company."

The request was denied. This we think was error. If respondent, with full knowledge of the facts material to his rights, elected to hold the agent, he thereby discharged the principal. *Landers v. Foster*, 34 Wash. 674, 76 Pac. 274.

Respondent contends that these two companies were one and the same, and that there could be no election. We are, however, dealing with facts, and cannot say how the jury might have determined this question. It is enough to find testimony making the requested instruction applicable to the facts in the case, and as such it should have been given.

Complaint is also made of instruction No. 3. We are not satisfied with the correctness of this instruction, as it eliminated appellant's theory of election and that respondent was in the employ of the finance company under contract with it alone. But inasmuch as, for the errors previously treated, we have determined to reverse the judgment, it probably will not be necessary to go into the matter further.

For these reasons, the judgment is reversed, and a new trial ordered.

CROW, C. J., MOUNT, FULLERTON, and PARKER, JJ., concur.