[No. 21596.   Department One.   May 22, 1929.]

Dr. William Chapman, *Appellant*, v. W. G. Ross, *as Receiver, Respondent.*[1]

*W. B. Mitchell* and *S. S. Bassett*, for appellant.

*Danson, Lowe & Danson,* for respondent.

Holcomb, J.—This case is based upon a claim by appellant against the receiver of the Rialto Building Company, a corporation, for the sum of $12,000, represented by a promissory note and interest accrued thereon from the date of the note, praying that the

[1]Reported in 277 Pac. 854.

claim be made a preferred claim against the corporation and a pipe organ, its principal asset, in the sum of $8,858.27, that the balance be allowed as a general claim and that the preferred claim be foreclosed on the pipe organ mentioned.

There are other claimants against the insolvent corporation and its assets which, besides known preferred claims amounting to $557, comprise presented claims amounting to, on their faces, without interest, $3,836.21.

The indebtedness of appellant is the same as that involved in *Brotherhood State Bank v. Chapman,* 145 Wash. 214, 259 Pac. 391.

Reference is made to the opinion in that case for the facts shown as to the relationship of the parties, the instruments relied upon, the assets of the insolvent corporation and the decision of the court upon the showing there made that one Newton, who was manager of the corporation which became insolvent, and a step-son of appellant, who had given the note and mortgage in question, did not own the assets of the insolvent corporation, had no right to mortgage them; that the property belonged to the insolvent corporation and that therefore the chattel mortgage which had been executed by Newton upon the assets of the corporation, even though Newton originally held all the stock of the company, did not justify the foreclosure of the mortgage as against the corporation and the creditors.

The principal facts presented in this case were also before the court in that case. It was alleged in that case by appellant in his cross-complaint that the $12,000 note had been executed by Newton; that Newton owed the amount thereof, together with interest computed; that Newton owned the assets, or at least had so represented to appellant, and it was admitted

in the pleading that the chattel mortgage referred to was not executed by the corporation, or by its authority.

In this action, respondent admitted that appellant had loaned to Newton the $12,000 and had taken a mortgage to secure the loan. It was affirmatively alleged that the matter had been previously adjudicated in the action above mentioned; that, in that action, the corporation, Newton, appellant and this receiver all became parties; and that, in that action, appellant here had contended that he loaned the money to Newton and that he took judgment against Newton for the amount thereof. A second affirmative defense alleged that, in the action above mentioned, all of these parties were parties, and that appellant, at all times, claimed that the loan was made to Newton; that the debt was due from Newton; and that he recovered judgment accordingly. These allegations were denied by reply of appellant.

After trial, the lower court denied appellant any recovery, upon the ground that appellant had elected his remedy in the former proceeding, and was estopped to change his position and absorb all of the assets of the insolvent corporation by a different remedy.

The pipe organ mentioned is the principal asset belonging to the insolvent corporation. The portion of the advances which appellant undoubtedly made to Newton, which can be definitely traced as payments upon the pipe organ, are two $500 advances made by appellant which were made when two of the installments on the purchase price of the organ had become delinquent, and at the maturity of the pipe organ contract, a further advance of $5,556.74 was made by appellant.

The suggestion has been made among ourselves that, possibly, in equity, appellant should be allowed

to subrogate his claim against the corporation and recover to the extent of these advances by way of equitable subrogation — a theory not distinctly advanced by appellant. This would mean the substitution of appellant, to the extent of his known advances, to the rights of the organ company, as vendor, for the prevention of fraud, and relief against mistake.

The obstacle in the way of this, in order to give appellant some relief, is that the corporation's other creditors knew nothing of appellant advancing these sums to the corporation for the specific purpose of paying purchase money on the pipe organ to the vendor. Hence, to allow equitable subrogation to these amounts would be to give appellant more than two-thirds of the value of all the available assets and take away the only valuable asset belonging to the corporation. Subrogation is not allowed in favor of a mere volunteer payor (25 R. C. L. 1367), nor where it will defraud other *bona fide* creditors or incumbrancers (Id. 1314). Nor where the prior debt has not been wholly discharged by the payor. *State ex rel. Nayberger v. McDonald,* 128 Ore. 684, 274 Pac. 1104.

To grant it in this case, would be to allow it when the party so favored knew all the facts, and would defraud all the other creditors, who knew none of them.

As in the former case, it is difficult to follow the contentions of appellant. Cases are cited from this court holding that principals are estopped to deny the authority of agents, and to repudiate deceitful misrepresentations made by agents, which, by estoppel, at least, were held to be agents of the principal. Typical of such cases are *Wharton v. Tierney-Toner Co.,* 126 Wash. 216, 217 Pac. 998, and *Stillwell v. Merriam Co.,* 127 Wash. 116, 219 Pac. 836.

In the first case, the principal attempted to deny the authority of an agent which had been held out by it to

be a general agent, and then attempted to repudiate representations made by that agent. Of course we held that the principal was estopped to deny such agency and such representations.

The second case was one where an agent borrowed money, gave a chattel mortgage and the corporation accepted the benefits of the loan and afterwards tried to deny its liability. We refused there to allow the corporation to repudiate the transaction after accepting the benefits.

Similar cases are those of *Keyes v. Citizens State Bank*, 128 Wash. 658, 224 Pac. 2; *Colman v. Waterhouse & Co.*, 122 Wash. 259, 210 Pac. 387; *Belt v. Washington Water Power Co.*, 24 Wash. 387, 64 Pac. 525.

Another case relied upon by appellant, *Vancouver National Bank v. Katz*, 142 Wash. 306, 252 Pac. 934, was an action against a partnership, where only one of the partners signed a note. The other partners had full knowledge of the fact that the active partner borrowed money, gave notes, and transacted partnership business generally. Obviously, the case does not apply here.

Appellant also misapplies our decision in *Farmers State Bank of Newport v. Lamon*, 132 Wash. 369, 231 Pac. 952, saying that we there held that, when an officer of a corporation signs a promissory note as an individual, he is individually liable on the note as well as the corporation and cannot be heard to deny his liability.

What we there held, citing other cases of like nature, was that the note being signed by the corporation itself, by its proper official and by the individual himself, although the corporation was bound by its corporate signature, the individual was also bound by his individual signature, and could not be heard to alter or add to his signature under the contention that he in-

tended to sign in his official capacity only. Such cases do not fit this case.

Here, appellant's own theory is that Newton was a general managing agent of the corporation. He knew that fact at all times. Knowing it, he extended credit to Newton, took Newton's note and mortgage for the entire amount, binding Newton individually and not the corporation. He also had Newton's corporate stock pledged to him as collateral security for Newton's personal loan.

Even though appellant may not be bound by the principle of *res judicata* by the decision in the *Brotherhood State Bank* case, *supra,* nevertheless he is bound by election. Knowing all of the facts prior to the institution of the former action and his participation therein, he elected to press his claim against Newton alone. He contended that Newton alone was the owner of the property. He knew all of the facts. He knew that Newton was dealing with the property as his own, according to his own pleadings and evidence, and contended that it was in fact the property of Newton. He knew that Newton was also acting as manager for whatever corporation was in existence and running the theater involved. If he chose to treat Newton as the principal, his election to hold him as principal discharged the liability of the corporation. *Pennsylvania Casualty Co. v. Washington Portland Cement Co.,* 63 Wash. 689, 116 Pac. 284.

If, on the other hand, appellant chose to extend credit to the agent, having full knowledge of the principal, he cannot thereafter resort to the principal, and the latter is not bound, although the agent acted in the course of his employment and for the benefit of the principal. 2 C. J., p. 836, § 518.

He is thus bound, even though principal and agent are both liable, and a suit prosecuted to judgment

against either, although without satisfaction, will discharge the remedy against the other. 2 C. J., p. 846, § 529. *McDonald v. New World Life Ins. Co.,* 76 Wash. 488, 136 Pac. 702; *Le Vette v. Hardman Estate,* 77 Wash. 320, 137 Pac. 454, L. R. A. 1917B 222; *Paige v. Stone,* 10 Metc. (Mass.) 160, 43 Am. Dec. 420.

Cases cited by appellant upon the joint or severable suability of joint tort-feasors and cases involving cumulative remedies against one or more parties, who may be liable, as not binding the suitor by election, are not pertinent.

Regrettable as it is that appellant must be the unfortunate loser to such a great extent by his misplaced confidence in the financial and managerial ability of his step-son, we see no relief that can be accorded him.

The judgment is therefore affirmed.

MITCHELL, C. J., TOLMAN, FULLERTON, and BEALS, JJ., concur.