[No. 23364. Department Two. November 9, 1931.]

O. A. VINYE *et al.*, *Respondents*, v. AMERICAN AUTOMOBILE COMPANY OF SEATTLE, INCORPORATED, *Appellant.*[1]

*Douglas D. Mote,* for appellant.

*Geo. Olson* and *W. R. Bell,* for respondents.

[1]Reported in 4 P. (2d) 851.

MAIN, J.—This action was brought to recover the purchase price of an automobile, the title to which had failed. The cause was tried to a court and a jury, and resulted in a verdict in favor of the plaintiff. The defendant moved for judgment notwithstanding the verdict and, in the alternative, for a new trial, both of which were overruled. Judgment was entered upon the verdict, from which the defendant appeals.

The respondent O. A. Vinye will be referred to as though he were the only party on that side of the controversy. The appellant, American Automobile Company, is a corporation with its principal place of business in the city of Seattle, where it is engaged in the selling of automobiles. February 21, 1929, the respondent, through a salesman of the appellant, purchased a used Chrysler sedan. Sometime after the purchase price was paid and the car delivered, the automobile was taken from the possession of the respondent in an action in replevin by the National Automobile Insurance Company, a corporation, with its principal place of business in Los Angeles, from which company the automobile had been stolen.

The evidence offered by the respondent was to the effect that, in the negotiations leading up to the purchase, the salesman of the appellant had represented that the automobile was being sold by the appellant. The evidence offered by the appellant was to the effect that the salesman sold the car as the property of C. A. Pollock, who at the time was in the employ of the appellant, and that the respondent was fully informed that the car was being sold for Pollock and was not being sold as a car belonging to the appellant. The evidence being in conflict, the question was one of fact for the jury.

Section 5836-13, Rem. 1927 Sup., which is one of the sections of the uniform sales act, provides that,

in the sale of goods, there is an implied warranty of title, unless the contrary intention appears. In the present case, if the testimony offered by the respondent is to be accepted, an intention to impliedly warrant the title would be present.

If the automobile was sold as the property of the appellant, and it was not disclosed to the purchaser that the appellant, through its salesman, was acting as agent for Pollock, as the jury by their verdict found, the appellant would be liable under the rule that an agent who acts for an undisclosed principal will be bound by the obligations of the contract as principal if the name of the principal is not disclosed. 21 R. C. L. 895; *Coover v. Cox,* 95 Cal. App. 1, 272 Pac. 343; *Foley v. Euless,* 297 Pac. (Cal. App.) 131.

There is little in this case, as we view it, except a question of fact which was resolved by the jury against the appellant, after being submitted to them by instructions which were correct, clear and concise.

The judgment will be affirmed.

TOLMAN, C. J., HOLCOMB, BEALS, and MILLARD, JJ., concur.