[No. 33572. Department Two. September 27, 1956.]

STEVE A. MATSKO, *Respondent and Cross-Appellant,* v. FRED DALLY *et al., Appellants.*[1]

[1]Reported in 301 P. (2d) 1074.

*Gerald D. Hile and Alvin J. Ziontz,* for appellant.

*Erik Froberg,* for respondent and cross-appellant.

DONWORTH, C. J.—This action was instituted by plaintiff, Steve A. Matsko, against defendants, Fred Dally and his marital community, and Dally Construction & Engineering Company, Inc., to recover the sum of $911.85 alleged to be due for materials furnished and for the performance of certain services rendered under an oral contract.

The defendants filed a joint answer and cross-complaint. Defendant Fred Dally denied liability under the contract

and alleged, by way of affirmative defense, that the services performed by plaintiff were inferior, poor, and unworkman-like, and that material furnished by plaintiff was of inferior quality and grade. Defendant Dally Construction & Engineering Company, Inc., admitted execution of the contract and, by way of cross-complaint, alleged it had suffered damages in the sum of $2,650 as a result of plaintiff's poor workmanship and defective materials furnished under the contract. This amount of damages was subsequently corrected by a bill of particulars to be $1,683.60.

At the conclusion of the case, the trial court made findings of fact, conclusions of law, and entered judgment against Fred Dally individually, and the marital community, in the sum of $913.85, with interest at six per cent until paid. The judgment dismissed the action, with prejudice, as to Dally Construction & Engineering Company, Inc.

Defendants Fred Dally and his wife appeal from that portion of the judgment as entered against them, and Steve A. Matsko cross-appeals from that portion of the judgment dismissing the action as to Dally Construction & Engineering Company, Inc.

We shall first consider the appeal, and for purposes of clarity, we shall hereinafter refer to Fred Dally as appellant, Steve A. Matsko as respondent, and to Dally Construction & Engineering Company, Inc., as Dally Corporation or by name.

Appellant is president of Dally Corporation and owns the controlling interest therein. He also owns and manages other business enterprises, one of which is a corporation. On April 16, 1952, appellant entered into an oral contract with respondent whereby the latter was to install plaster-board in ten houses which were being constructed by Dally Corporation at Bridgeport, Washington, for the Columbia River Constructors. The total contract price was approximately twenty-four hundred dollars. Respondent completed the work about May 15, 1952, and on June 24, 1952, fifteen hundred dollars of this sum was paid to respondent by check.

In his complaint, respondent alleged that appellant claimed he had entered into the contract solely as agent

for Dally Corporation, and that respondent was not certain whether his right of recovery was against appellant individually (and his marital community) or against Dally Corporation. Respondent prayed that this issue be determined by the court. As stated above, the question was resolved against appellant individually (and his marital community).

Appellant's first argument discusses assignments of error Nos. 1, 2, 6, and 9 together, under a heading which reads as follows:

*"The plaintiff, Steve A. Matsko, has failed to sustain the burden of proving that his contract was made with Fred Dally,* the president of Dally Construction & Engineering Co., Inc., *in Mr. Dally's individual capacity, rather than with the corporation."* (Italics ours.)

■ The italicized portion of appellant's statement concerning the burden of proof is erroneous. It is true that he who seeks recovery on a contract has the burden of proving that the defendant was a party to that contract, but once this initial determination has been established, the burden shifts to the defendant, who, in order to escape liability, must show his promise was made solely in the capacity of agent for a disclosed principal. 2 Restatement, Agency, § 320 (b); see, also, 1 Mecham on Agency (2d ed.) 1044, § 1413.

In the case at bar, it is not disputed that, at the time the parties entered into the oral contract, appellant was, in fact, acting as agent for the Dally Corporation. The issue is whether these circumstances were sufficiently *disclosed* to respondent at the time the contract was made to put him on notice of the agency relationship, or whether respondent was entitled to believe appellant was acting solely for himself.

On previous occasions, respondent had dealt with the *Dally Construction and Engineering Co.,* a partnership, in which appellant and a Mr. Beslow were associated. Respondent's previous dealings with Mr. Beslow had not been entirely satisfactory, and therefore respondent made a special point of asking appellant whether or not Mr. Beslow

was also associated in the present transaction.

Respondent's testimony was:

"Q. THE COURT: You say you didn't want anything to do with Dally Construction & Engineering Co.? What did he say? A. He [appellant] said this job here was strictly his job, and Mr. Beslow, who was his partner on the other job, wasn't in on this. . . ."

On cross-examination, respondent testified:

"Q. . . . Mr. Dally told you that you would be doing this job for the corporation, which Beslow wasn't interested in? A. He told me it was one of the companies Mr. Beslow wasn't interested in. Q. And a corporation, didn't he? A. No, there was no mention of a corporation. . . ."

Hence, respondent contends he did not know that he was dealing with a corporation rather than with appellant personally.

Appellant testified as follows:

"Q. [By Mr. Hile] Did you tell him for whom it [the contract] was? A. Yes, because he had had a big rumpus with Mr. Beslow of this partnership and so he didn't want anything else to do with Beslow. *I told him this was a separate corporation, had nothing to do with the partnership.*" (Italics ours.)

Hence, appellant contends respondent was advised that appellant was acting as agent for Dally Corporation.

■ The trial court found that respondent dealt with appellant personally and in his individual capacity, and the findings negative appellant's contention of disclosure of agency. This court has frequently said that the trial court's findings of fact will not be set aside unless this court determines that they are contrary to the preponderance of the evidence. *Paxport Mills v. Stohr,* 45 Wn. (2d) 667, 277 P. (2d) 332, and cases cited. We have reviewed the record and conclude that the evidence does not preponderate against the findings.

■ Based upon these findings, the rule to be applied is that an agent who acts for an undisclosed principal will be personally bound by the obligations of the contract *as principal* if the name of the principal is not disclosed.

*Vinye v. American Automobile Co.*, 165 Wash. 161, 4 P. (2d) 851; 2 Am. Jur. 316, § 404; 2 Restatement, Agency, § 322.

Appellant's second argument combines assignments of error Nos. 6, 7, 9, and 10, and states, in substance, that respondent has elected to hold the principal, Dally Corporation, and he is now bound by his election. In support of this theory, appellant relies upon the fact that respondent accepted a check, in the amount of fifteen hundred dollars, issued by the Dally Construction & Engineering Company, Inc., subsequent to completion of the services rendered under the oral contract.

The defense of election was not pleaded, and appellant did not request a finding that respondent had elected to charge the principal. As we have often said, this court will not consider a theory which was not passed upon by the trial court and is presented for the first time on appeal. *Peterson v. Neal,* 48 Wn. (2d) 192, 292 P. (2d) 358; *Frisken v. Art Strand Floor Coverings,* 47 Wn. (2d) 587, 288 P. (2d) 1087; *Harrington v. Richeson,* 40 Wn. (2d) 557, 245 P. (2d) 191.

In an attempt to avoid this rule, appellant appears to argue that, since the check was admitted in evidence without objection, we should treat the pleadings as amended to conform to the proof and hold, as a matter of law, that the acceptance of the check constituted a disclosure of the agency and was, therefore, a binding election. Disclosure of agency is essentially a question of fact, and the acceptance of a check issued by the principal without full knowledge of the facts is not, as a matter of law, a disclosure of the agency upon which an election may be based. See *Saco Dairy Co. v. Norton,* 140 Me. 204, 35 A. (2d) 857, 150 A. L. R. 1299; 2 Mecham on Agency (2d ed.) 1333, § 1752. To sustain his position, appellant relies principally upon the cases of *Chapman v. Ross,* 152 Wash. 262, 277 Pac. 854, and *McDonald v. New World Life Ins. Co.,* 76 Wash. 488, 136 Pac. 702.

In both the *Chapman* and *McDonald* cases, there were formal written contracts, which is not the situation here, where the agreement to install the plasterboard in the

houses was orally accepted by appellant. Both the *Chapman* and *McDonald* cases emphasize that the election to contract with the agent was made with full knowledge of the facts and of the principal-agent relationship. This is not the case here. We hold that, since respondent did not have knowledge of all the facts, there was no election prior to judgment. *Chapman v. Ross, supra.*

Assignments of error Nos. 3, 4, and 5 challenge finding of fact No. 4, which states in effect that neither appellant nor Dally Corporation had legally proven any damages. It would serve no useful purpose to discuss the evidence relative to this finding in this decision. It will suffice to say that the evidence does not preponderate against the finding of the trial court on the question of damages.

■ Appellant's eleventh assignment of error is directed to the trial court's *alleged* overruling of appellant's objection and "implied motion" to strike certain objectionable testimony. Assuming appellant is correct in his interpretation of the trial court's ruling, we have often said that, in a trial to the court, it will be presumed that the court is not influenced by the introduction of improper testimony. *Palin v. General Constr. Co.,* 47 Wn. (2d) 246, 287 P. (2d) 325; *Blair v. McKinnon,* 40 Wn. (2d) 492, 244 P. (2d) 250. Appellant has not convinced us that the trial court either failed to disregard the improper testimony, or that it was in any manner influenced thereby.

The twelfth assignment of error is that the trial court erred in refusing to admit in evidence a copy of an invoice which appellant contends had been addressed and mailed to respondent and was therefore presumably received by him. Appellant testified as to the existence of an office custom of mailing invoices but stated that he himself did not mail office correspondence, and that he did not know personally that this particular invoice was ever mailed. Respondents denied receipt of the invoice.

■ The rule is that, when an office handles such a large volume of mail that no one could be expected to remember any particular letter or notice, proof of mailing may be made by showing (1) an office custom with respect to mail-

ing, and (2) compliance with the custom in the specific instance. *Lieb v. Webster,* 30 Wn. (2d) 43, 190 P. (2d) 701; *Farrow v. Department of Labor & Industries,* 179 Wash. 453, 38 P. (2d) 240.

No office clerk or other person who customarily mailed office correspondence was called to testify. Appellant has established an office custom but has failed to establish compliance therewith in the specific instance. Consequently, we hold that there is no presumption of receipt by respondent because there was not sufficient evidence to establish the mailing. Therefore, the court did not err in rejecting the proffered exhibit.

Appellant's remaining assignments of error are answered by what we have already said in discussing the previous assignments.

Respondent cross-appealed from that portion of the judgment dismissing the action as to Dally Corporation. He states in his brief that the cross-appeal was taken only as a precaution in the event that we should reverse the judgment as to appellant. In view of the result we have reached on the merits, the cross-appeal is hereby dismissed.

Judgment affirmed.

MALLERY, WEAVER, and ROSELLINI, JJ., concur.