Bernard Tomson, J.
In this action for goods sold and
delivered, the oral answer reads:
‘ ‘ 1. General Denial
“ 2. That the defendant is not a partnership but a corporation formed under and pursuant to the Laws State of New York.”
In effect, the defendants have pleaded affirmatively what they sought to prove, i.e., that they acted as agents for a disclosed principal, to wit, the corporation, and are not liable either as individuals or as partners. The sole remaining question here, all other matters having been determined in favor of the plaintiff, involves placing the burden of persuasion as to the second defense.
A statement respecting the applicable rule is found in Bestatement, Agency 2d (§ 320, comment b): “ Burden of proof. One bringing an action upon a contract has the burden of showing that the other is a party to it. This initial burden is *951 satisfied if the plaintiff proves that the defendant has made a promise, the form of which does not indicate that it was given as agent. The defendant then has the burden of going forward if he wishes to show that his promise was made only as an agent and that this should have been so understood.” Compare Cobb v. Knapp (71 N. Y. 348, 351, 352, and, see, Matsko v. Dally, 49 Wash. 2d 370) where the court citing the Restatement, Agency and 1 Meecham, Agency (§ 1413) held that the burden of proof was on the defendant on a similar affirmative defense.
It is sometimes stated that the burden of pleading and the burden of persuasion or proof are on the same party. This is not necessarily so. (See on burden of proof, burden of persuasion and burden of pleading, Morgan, Basic Problems of Evidence [Sept., 1962, Joint Committee On Continuing Legal Education of American Law Institute and American Bar Association], p. 17 et seq.; 9 Wigmore, Evidence [3d ed.], § 2458 et seq.; James, Burdens of Proof, 47 Va. L. Rev. 51; Cleary, Presuming and Pleading, An Essay on Juristic Immaturity, 12 Stanford L. Rev. 5; Rosenberg & Weinstein, Elements of Civil Procedure, p. 664 et seq.; Morgan, Maguire and Weinstein, Evidence, p. 427 et seq.; 3 Weinsteni-Korn-Miller, N. Y. Civ. Prac., par. 3018-13 et seq.)
In the instant case, the second defense would appear to contain matter which if not pleaded would be likely to take the adverse party by surprise. In the form which CPLR 3018 (subd. [b]) is presently cast, such a plea is denominated as falling into the category of “ Affirmative defenses.”
It does not necessarily follow that the burden of persuasion on that issue ipso facto falls on the defendant. The criteria to be used in determining allocation of the burden would seem to be first, stare decisis, second, in the absence of controlling authority, “fairness, convenience and policy” and third, a rule often adhered to, that the party having the affirmative on an issue also has the burden of persuasion as to that issue.
The Restatement, Agency (supra), and Matsko v. Dally (supra), would seem to require that the burden here on the second defense be placed on the defendants. The application of the other criteria would not here indicate any contrary result.
As has here been emphasized the same party does not always have the burden of pleading and the burden of persuasion. Thus, although in the interest of fairness the defendant may be required to plead affirmative matter to avoid surprise, it does not follow that he thereby assumes, in addition, a burden he would not have had in the absence of a plea interposed for the benefit of the plaintiff. (Cf. Lavine v. Indemnity Ins. Co., *952 260 N. Y. 399, 410; Glogvics v. Preferred Acc. Ins. Co., 245 App. Div. 817; Morgan Munitions Co. v. Studebaker Corp., 226 N. Y. 94; Seufert v. Commercial Travelers Mut. Acc. Assn., 263 N. Y. 496, 499; Conkling v. Weatherwax, 181 N. Y. 258; 4 Carmody-Wait, New York Practice, p. 374 et seq.) Each affirmative defense in this regard must be separately considered.
Accordingly, it must be held that since the defendants failed to establish their burden as to the second defense by a fair preponderance of the credible evidence, judgment must be directed to be entered in favor of the plaintiff for the amount demanded in the complaint, together with interest, costs and disbursements.