[No. 25116. Department Two. December 1, 1934.]

DAVID C. FARROW, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant*.[1]

The *Attorney General* and *Browder Brown, Assistant (O. M. Cook,* of counsel), for appellant.

*Albert H. Solomon,* for respondent.

BLAKE, J.—June 15, 1932, plaintiff had his leg broken while cutting cord wood. August 25, 1932, claiming to be, at the time of injury, in the employ of a partnership composed of Carl Drake and James J. Gillespie, he filed a claim with the industrial insurance department. After investigation, the department rejected the claim, on the ground that plaintiff was himself a partner of Drake and Gillespie, and not an employee. A notice of rejection of the claim, bearing date of September 9, 1932, was at some time mailed to plaintiff, which he admitted receiving some time in November, 1932. On December 8, 1932, he filed with the joint board an appeal from the ruling of the depart-

[1]Reported in 38 P. (2d) 240.

ment. The joint board refused to assume jurisdiction, on the ground that the appeal was not timely under Rem. Rev. Stat., § 7697 [P. C. § 3488]. The board so notified plaintiff on December 12, 1932.

January 5, 1933, plaintiff filed an amended petition on appeal to the joint board, alleging that he had not received notice of rejection of his claim by the department until November, 1932. The joint board, after hearing evidence on the issue, found that the department's rejection of the claim, on the ground that plaintiff was not an employee of Drake and Gillespie, was not warranted by the record and evidence. The joint board, however, adhering to its view that the appeal was not timely under Rem. Rev. Stat., § 7697 [P. C. § 3488], rejected the claim on that ground.

Plaintiff appealed to the superior court, which remanded the case to the department with directions to allow plaintiff compensation as provided by statute. The department appeals from the judgment so entered.

Since the joint board found that the department erroneously rejected the claim, on the ground that respondent was not an employee under the terms of the act, the sole question presented here for determination is: Did respondent receive the notice of rejection of his claim more than sixty days prior to December 8, 1932, the date upon which he filed his appeal with the joint board?

Respondent testified that he did not receive the notice of rejection until some time in November, 1932. To establish the contrary, the department relies solely upon the presumption of receipt by the addressee, in due course of mails, which arises upon proof of mailing.

There can be no question that, if the department had produced a witness who had testified to the deposit in the United States mail on September 9th of

the notice, sealed, stamped and properly addressed, the presumption would be effective, and raise an issue of fact to be determined from all the evidence on this issue. But that is not the proof presented in this case. The department sought to prove the fact of mailing by office custom. Obviously, in an office handling as much correspondence as does the department of labor and industries, no one can remember the fact of mailing any particular notice or letter. So the law has become well established in such instances that proof of mailing may be made by showing (a) an office custom with respect to mailing; (b) compliance with the custom in the specific instance. *Federal Asbestos Co. v. Zimmermann,* 171 Wis. 594, 177 N. W. 881, 25 A. L. R. 5 (note p. 13, *et seq.*)

The proof here was that the clerk whose duty it was to prepare the notice, address and stamp the envelope, did so on September 9, 1932; that, pursuant to custom, she took all notices prepared by her that day to the room of the mailing clerk whose duty it was to seal the envelopes and deposit them in the mail. The mailing clerk was not produced as a witness. So we have proof of the custom, but not proof of compliance with it. This has uniformly been held to be insufficient to establish proof of mailing. *Gardam & Son v. Batterson,* 198 N. Y. 175, 91 N. E. 371, 139 Am. St. 806; *Peirson-Lathrop Grain Co. v. Barker,* 223 S. W. (Mo. App.) 941; *Goucher v. Carthage Novelty Co.,* 116 Mo. App. 99, 91 S. W. 447; *Mankin v. Parry,* 70 Pa. Super. Ct. 558; *Brailsford v. Williams,* 15 Md. 150, 74 Am. St. 559; *Hetherington v. Kemp,* 4 Campbell's Reports (Eng.) 192.

The fact that the notice bears date of September 9, 1932, is proof of nothing. *Phelan v. Northwestern Mutual Life Ins. Co.,* 113 N. Y. 147, 20 N. E. 827, 10

Am. St. 441; *Uhlman v. Arnholdt & Schaefer Brewing Co.*, 53 Fed. 485. In the case last cited, it is said:

"The date of a postmark upon a letter is not evidence that it was forwarded on that day. *Bank v. Townsley*, 102 Mass. 177. A fortiori the date of a letter is not; nor even, it would seem, direct proof of actual time of posting; and yet upon the date of this letter all proof of the time of its receipt is clearly dependent. It is, of course, quite possible that the fact is as the witnesses have supposed it to be, but the suppositions of witnesses are not proof. Nor may the court, in the absence of proof,—except that this letter bore a certain date, was at some time mailed, and was at some subsequent time received,—presume that it was received upon any particular day, or within any particular period."

Since the proof was wholly insufficient to establish the fact of mailing the notice by the department, there is no evidence from which the presumption of "receipt in due course of the mails" can arise. As the record stands, the only relevant and competent evidence upon the issue is the testimony of the respondent, which, as we have seen, was to the effect that he took his appeal to the joint board within sixty days from the time he received the notice of rejection.

Judgment affirmed.

BEALS, C. J., STEINERT, MITCHELL, and HOLCOMB, JJ., concur.