[No. 509-3.     Division Three.     May 26, 1972.]

AUTOMAT CO., INC., *Appellant*, v. YAKIMA COUNTY,
*Respondent.*

*Ted Roy* and *Tim Weaver* (of *Hovis, Cockrill & Roy*), for
appellant.

*Lincoln E. Shropshire, Prosecuting Attorney*, and *Paul D.
Edmondson, Deputy*, for respondent.

GREEN, J.—Plaintiff, Automat Co., Inc., brought this ac-
tion against the defendant, Yakima County, to obtain a

refund of penalties paid to the treasurer under protest. The penalties were levied pursuant to RCW 84.40.130(1) against the plaintiff because it failed to timely file a list of taxable personal property in the years 1968 and 1969. From a judgment for defendant, plaintiff appeals.

Assigned errors are directed to the trial court's findings and conclusions and present one basic question: Was plaintiff's failure to file a list of taxable personal property with the assessor in 1968 and 1969 due to reasonable cause?

The plaintiff was involved in the vending machine business in Yakima County. Paul Mercy was its secretary and manager. Although plaintiff's business office was at 220 South Second, Yakima, Washington, its mailing address was post office box 46.

For 25 years prior to 1968, as then required by RCW 84.40.060, a deputy assessor would visit Mr. Mercy at plaintiff's office and require him to list all of the corporation's taxable personal property and, under oath, sign a written verification of its accuracy. In due course plaintiff would timely pay the personal property tax.

Effective July 1, 1967, RCW 84.40.060 was amended to remove the requirement that the assessor call upon the taxpayer and obtain the list of personal property. Instead, the legislature amended RCW 84.40.040, imposing the following procedures upon the assessor:

> He [the assessor] shall make an alphabetical list of the names of all persons in his county liable to assessment of personal property, and require each person to make a correct list and statement of such property according to the standard form prescribed by the department of revenue, which statement and list shall include, if required by the form, the year of acquisition and total original cost of personal property in each category of the prescribed form, and shall be signed and verified under penalty of perjury by the person listing the property. Such list and statement shall be filed on or before the last day of March, but the assessor, upon written request filed on or before such date and for good cause shown therein, shall allow a reasonable extension of time for filing. The assessor shall on or before the 1st day of January of each

year mail a notice to all such persons at their last known address that such statement and list is required, such notice to be accompanied by the form on which the statement or list is to be made: *Provided,* That for the years 1968 and 1969 a second notice shall be mailed on or before the 15th day of March: *Provided further,* That the notice mailed by the assessor to each taxpayer each year shall, if practicable, include the statement and list of personal property of the taxpayer for the preceding year.

After this amendment was enacted and continuing into the winter of 1969, several articles appeared in the Yakima newspapers informing the public as to the change in the law. The defendant presented testimony that pursuant to this statute, the assessor in December 1967 prepared the notices required by the statute and mailed them with the listing form to all taxpayers who had filed a list of personal property in the year 1967. The same procedure was followed in December 1968, except the notice and form were mailed only to those who filed a list of personal property in 1968.

The evidence shows that in December 1967 the assessor's staff prepared a typewritten list of 10,000 names of persons who had filed a personal property list in 1967. The plaintiff corporation was included in this list. Pursuant to RCW 84.40.040, a notice and form were placed in separate envelopes for and addressed to each name on the typewritten list. The deputy assessor personally supervised this preparation, accompanied the envelopes to the mailing room and observed that they were mailed. Thereafter, as the lists of personal property were returned by the taxpayers, a check mark was placed in front of each name on the typewritten list. No check mark appeared beside plaintiff's name. The deputy assessor testified a second notice was mailed to those persons or corporations, including plaintiff, who had not returned the form. This notice informed them their list had not been received and that March 31 was the final date for filing without penalty.

Mercy testified it was his practice to pick up plaintiff's mail at post office box 46 and take it to the business office

where it was opened and read by him; no mail was delivered to the business office address; and neither the first nor second notice was ever received. Plaintiff's secretary confirmed this procedure and testified that she had never received any notices or forms from the assessor's office.

In August of 1969, Mercy was looking over plaintiff's financial statements and suddenly recognized that no personal property taxes had been paid in 1968. He confirmed this fact with plaintiff's accountants and immediately went to the assessor's office. The assessor informed Mercy that he should file plaintiff's list of property for each of the 2 years. This was accomplished by the middle of September 1969. Thereupon, the assessor determined that the penalty provisions of RCW 84.40.130 required that he levy a penalty against the plaintiff for failure to file the list in 1968 and 1969 in the amount of $965.96 and $1,278.59, respectively. The pertinent portion of this statute provides:

> (1) If any person or corporation shall fail or refuse to deliver to the assessor, on or before the date specified in RCW 84.40.040, a list of the taxable personal property which he is required to list under this chapter, unless it is shown that such failure is due to reasonable cause and not due to wilful neglect, there shall be added to the amount of tax assessed against him or it on account of such personal property five percent of the amount of such tax if the failure is for not more than one month, with an additional five percent for each additional month or fraction thereof during which such failure continues not exceeding twenty-five percent in the aggregate. Such penalty shall be collected in the same manner as the tax to which it is added.

After hearing the foregoing facts which are substantially undisputed, the trial judge found that the notices required by law to be mailed by the assessor were in fact mailed to the plaintiff at its business address in December 1967; that on or before March 15, 1968, a second notice was mailed to the plaintiff; that the plaintiff failed to sustain its burden of showing that its failure to timely file a list of personal property for assessment purposes in 1968 and 1969 was due

to reasonable cause; that such failure to file was not due to willful neglect; and concluded that the amended complaint of the plaintiff should be dismissed and the defendant awarded its costs.

First, plaintiff contends the trial court erroneously found that the assessor, prior to January 1, 1968, mailed to plaintiff's business address a notice and form for listing taxable personal property, that said letter was not returned although a return address was shown on the envelope and that a second notice was mailed to plaintiff prior to March 15, 1968. We disagree. In *Matsko v. Dally*, 49 Wn.2d 370, 376, 301 P.2d 1074 (1956), the court said:

> The rule is that, when an office handles such a large volume of mail that no one could be expected to remember any particular letter or notice, proof of mailing may be made by showing (1) an office custom with respect to mailing, and (2) compliance with the custom in the specific instance. *Lieb v. Webster*, 30 Wn. (2d) 43, 190 P. (2d) 701; *Farrow v. Department of Labor & Industries*, 179 Wash. 453, 38 P. (2d) 240.

In the instant case, defendant presented testimony based on personal knowledge showing an office custom with respect to mailing and compliance with that custom. The assessor's return address appeared on the envelope containing the first notice and this envelope was not returned; however, a return address did not appear on the second notice. We believe this evidence was sufficient to establish the mailing in 1968 under the requirements of *Matsko* and the cases cited therein. Once there is proof of mailing, it is presumed that the mails proceed in due course and that the letter is received by the person to whom it is addressed. *Avgerinion v. First Guar. Bank*, 142 Wash. 73, 78, 252 P. 535 (1927). In response to the foregoing cases, plaintiff takes the position that the presumption of receipt disappears in the face of positive evidence of nonreceipt, relying upon *Collins v. Collins*, 151 Wash. 201, 210, 275 P. 571 (1929); and *Gibson v. Rouse*, 81 Wash. 102, 109, 142 P. 464 (1914). The only evidence of nonreceipt is the testimony of Mercy and his

secretary. The trial judge was in a position to assess the credibility of the witnesses and determined to believe the testimony presented by the defendant. This determination will not be disturbed on appeal. *Thorndike v. Hesperian Orchards, Inc.*, 54 Wn.2d 570, 343 P.2d 183 (1959). Hence, the trial court properly found that plaintiff's failure to file was not due to reasonable cause as to the year 1968.

However, as to plaintiff's failure to file a list of property before March 31, 1969, we must reach a different conclusion. The defendant admits that no notice was mailed prior to January 1, 1969, nor was a second notice mailed prior to March 15, 1969, for the reason that the notices are mailed only to those persons who filed a list in the preceding year. Since plaintiff failed to file in 1968, no notice was sent to it in 1969.

■ RCW 84.40.040 provides that the assessor "shall" make an alphabetical list of names of "all" persons in his county who are liable to assessment of personal property and "require" them to make a correct list and statement of the property on a standard form signed and verified under penalty of perjury by the person listing the property. The statute provides:

> The assessor *shall* on or before the 1st day of January of each year *mail a notice to all such persons* at their last known address that such statement and list is required, *such notice to be accompanied by the form on which the statement or list is to be made:* . . .

(Italics ours.) It also provides:

> *Such* list and statement shall be filed on or before the last day of March, . . .

(Italics ours.) There is no provision in this statute limiting the assessor to an alphabetical listing of only those persons who filed the preceding year. It is clear from a careful reading of RCW 84.40.040 that the list to be made by the assessor should be of "all" persons in the county liable to assessment of personal property. When the assessor limited his list to those who filed during the previous year, he failed to comply with the statute.

■ The assessor's failure to comply does not affect the taxpayer's liability for payment of the tax. However, such noncompliance is one of the circumstances that may be considered on the question of the imposition of a penalty in determining whether the taxpayer's failure to file was due to reasonable cause, and not willful neglect. Whether reasonable cause exists depends upon the circumstances of each case. In the instant case we are dealing with an amendment to a statute that significantly changes prior assessment procedures. The legislature recognized that such changes required a transitional period. Thus, during the years 1968 and 1969, the assessor was required not only to send the initial notice, but was directed to send a second notice to taxpayers who had failed to file by March 15 of those years. Neither of these notices was sent to plaintiff in 1969. When plaintiff discovered the list had not been filed and the tax paid, it immediately did so. In the context of these circumstances, we conclude that plaintiff's failure to file in 1969 was due to reasonable cause and not willful neglect, and the trial court erred in the assessment of a penalty for that year.

Plaintiff argues that the trial judge erred in limiting his determination to the question of whether the assessor was arbitrary or capricious in his assessment of penalties. We do not so construe the record. A de novo trial was held and findings and conclusions were made based upon the evidence there introduced. Although the findings and conclusions held that the assessor was not acting in an arbitrary or capricious manner, we do not find that the trial court limited itself to this test in making its determination; therefore, this assignment of error is not well taken.

The judgment is affirmed as to the assessment of penalties for the year 1968, but reversed as to the assessment of penalties for the year 1969. Each party shall bear its own costs.

MUNSON, C.J., and EVANS, J., concur.