93 P.3d 965 (2004)
Barry M. SCHEELER, Appellant,
v.
DEPARTMENT OF EMPLOYMENT SECURITY, Respondent.
No. 52839-4-I.
Court of Appeals of Washington, Division 1.
July 12, 2004.
*966 Timothy M. Greene, Puyallup, WA, for Appellant.
Masako Kanazawa, Attorney General's Office, Seattle, WA, for Respondent.
PER CURIAM.
Barry Scheeler appeals an administrative decision dismissing his untimely appeal of the Washington Employment Security Department's (Department's) decision to deny him unemployment benefits under RCW 50.20.060. He argues (1) the administrative law judge's (ALJ's) findings that the Department mailed the determination notice and Scheeler received it during the appeal period are not supported by substantial evidence and (2) the ALJ erred when he concluded Scheeler did not show good cause for filing a late appeal. Because there is insufficient evidence to establish proof of mailing during the appeal period, we reverse the decision denying Scheeler's appeal.

FACTS
On September 17, 2001, Barry Scheeler was arrested for driving his personal vehicle under the influence of alcohol or drugs, and his driver's license was suspended. Because Scheeler was employed as a company truck driver, which requires that he have a valid driver's license, he was fired from his job. The Department denied Scheeler unemployment benefits under RCW 50.20.060[1] because he engaged in conduct that prevents him from receiving benefits. The ALJ found that the Department mailed Scheeler a final determination notice on December 7, 2001. The notice stated that Scheeler was denied benefits under RCW 50.20.060 and notified him that he could appeal the decision by mailing or faxing a written notice of appeal to the Claims TeleCenter. It also stated that if he wished to appeal, the written notice " MUST be received or postmarked by 01/07/2002."
On February 22, 2002, Scheeler mailed a written notice of appeal to the Claims TeleCenter  46 days after the appeal period expired. The Office of Administrative Hearings (AOH) scheduled a hearing to determine whether Scheeler had good cause for filing an untimely appeal and whether he was eligible for benefits. The hearing was held on May 29, 2002, and the ALJ concluded that Scheeler had not overcome the presumption that he received the notice and failed to show good cause for filing an untimely appeal. Scheeler filed a petition for review on July 1, 2002, and a court commissioner denied the petition. He appealed that decision to the King County Superior Court, which affirmed the commissioner's decision. He now appeals to this court.

ANALYSIS
Judicial review of a Washington Employment Security Department administrative decision is governed by the Washington Administrative Procedure Act (WAPA).[2] *967 A reviewing court may reverse an administrative decision when: "(1) the administrative decision is based on an error of law; (2) the decision is not based on substantial evidence; or (3) the decision is arbitrary or capricious."[3] Evidence is substantial if it is sufficient to persuade a fair-minded person of the truth of the fact a party seeks to prove.[4] When reviewing an administrative action, this court applies the standards of the WAPA directly to the record before the agency.[5] We review the ALJ's legal decisions de novo but give substantial deference to the Department's interpretation of employment security law.[6]
In this case, Scheeler argues that there is insufficient evidence to support the ALJ's findings that (1) the Department mailed the benefit denial notice, (2) Scheeler received the notice in time to file a timely appeal, and (3) Scheeler did not show good cause for filing an untimely appeal.
RCW 50.32.020 does not address the Department's proof of mailing requirements.[7] But generally "[u]nder Washington law, a party seeking to prove mailing must show (1) an office custom with respect to mailing and (2) compliance with the custom in the specific instance."[8] Once a party proves the item was mailed, the law presumes that "the mails proceed in due course and that the letter is received by the person to whom it is addressed."[9] In this case, the Department offered no proof the notice was mailed within the appeal period. It offered no testimony or affidavit from the person at the Department who purportedly mailed the notice to Scheeler. Nor did it offer any evidence of its custom in mailing these notices or whether a custom, if it exists, was followed in this case.[10] Although the determination notice states that "[a] copy of this determination notice was mailed to the interested parties at their address on 12/07/2001" and the mailing address listed on the top of the notice was Scheeler's address, this evidence is insufficient to establish proof of mailing under Farrow v. Department of Labor *968 and Industries.[11] In that case, the Supreme Court concluded that the mere fact that a "`letter bore a certain date, was at some time mailed, and was at some subsequent time received'" was insufficient to establish a presumption that the letter was received "within any particular period."[12] Without any additional proof, such as testimony from the mailing clerk, the court determined there was no evidence from which the presumption of "receipt in due course of the mails"[13] could arise.
Similarly in this case, absent additional proof of mailing, the presumption that Scheeler received the letter does not arise. The Department distinguishes Farrow by arguing that unlike the letter in that case, the letter here contains language stating that it was mailed. Its argument would be persuasive if it was accompanied with evidence that the language was part of an "office custom" and that custom was followed. But by itself, the language is insufficient to establish that the letter was properly sealed, stamped, and deposited in the U.S. mail on that date because the notation may have been typed before the letter was purportedly mailed.[14] In sum, the ALJ erred as a matter of law by concluding that "[t]he presumption is that [the] claimant received the [n]otice" because there was no proof of mailing from which the presumption arises.
We reject the Department's argument that Scheeler's own testimony supports the court's finding that the Department mailed the letter, so it need not demonstrate proof of mailing. The record does contain what the commissioner could have concluded was conflicting testimony. Scheeler initially testified that he was out of town "maybe two weeks, at the most, before [he] got [his] mail, and ... realized that [he] was a little late." But he also unequivocally testified that he had never seen the letter dated December 7 and did not receive notice that benefits were denied until mid-February. Scheeler stated that he was out of town and may have received the letter during that period of time and "missed it." He also testified the neighborhood children may have taken it out of his mailbox.[15] He said he filed his appeal only because he was advised to do so by the Department via telephone on February 13, 2002. The ALJ dismissed Scheeler's testimony as "self-serving and non-credible." It is the ALJ's role to weigh the evidence and assess credibility, and we will not disturb his credibility determinations on appeal.[16] However, without proof of mailing, there arises no presumption that the letter was received in the due course of mailing. By concluding otherwise, the ALJ made his decision based on an error of law and improperly denied Scheeler's appeal on the basis that his non-credible testimony did not overcome this presumption.[17]
We reverse and remand for proceedings consistent with this opinion.
NOTES
[1] RCW 50.20.060 states:

With respect to claims that have an effective date before January 4, 2004, an individual shall be disqualified from benefits beginning with the first day of the calendar week in which he or she has been discharged or suspended for misconduct connected with his or her work and thereafter for seven calendar weeks and until he or she has obtained bona fide work in employment covered by this title and earned wages in that employment equal to seven times his or her weekly benefit amount. Alcoholism shall not constitute a defense to disqualification from benefits due to misconduct.
[2] Tapper v. State Employment Sec. Dept., 122 Wash.2d 397, 402, 858 P.2d 494 (1993) (citing Macey v. State Dep't of Employment Sec., 110 Wash.2d 308, 312, 752 P.2d 372 (1988); Safeco Ins. Cos. v. Meyering, 102 Wash.2d 385, 389, 687 P.2d 195 (1984); Becker v. Employment Sec. Dep't, 63 Wash.App. 673, 675, 821 P.2d 81 (1991)).
[3] Id. (citing RCW 34.05.570(3)).
[4] Heinmiller v. Dep't of Health, 127 Wash.2d 595, 607, 903 P.2d 433, 909 P.2d 1294 (1995), cert. denied, 518 U.S. 1006, 116 S.Ct. 2526, 135 L.Ed.2d 1051 (1996).
[5] Tapper, 122 Wash.2d at 402, 858 P.2d 494 (citing Macey, 110 Wash.2d at 312, 752 P.2d 372).
[6] Meyering, 102 Wash.2d at 391, 687 P.2d 195.
[7] RCW 50.32.020 states that

[t]he applicant or claimant, his or her most recent employing unit or any interested party which the commissioner by regulation prescribes, may file an appeal from any determination or redetermination with the appeal tribunal within thirty days after the date of notification or mailing, whichever is earlier, of such determination or redetermination to his or her last known address: PROVIDED, That in the event an appeal with respect to any determination is pending as of the date when a redetermination thereof is issued, such appeal, unless withdrawn, shall be treated as an appeal from such redetermination. Any appeal from a determination of denial of benefits which is effective for an indefinite period shall be deemed to be an appeal as to all weeks subsequent to the effective date of the denial for which benefits have already been denied. If no appeal is taken from any determination, or redetermination, within the time allowed by the provisions of this section for appeal therefrom, said determination, or redetermination, as the case may be, shall be conclusively deemed to be correct except as hereinbefore provided in respect to reconsideration by the commissioner of any determination.
[8] Tassoni v. Dep't of Ret. Sys., 108 Wash.App. 77, 86, 29 P.3d 63 (2001) (emphasis omitted) (citing Kaiser Aluminum & Chem. Corp. v. Dep't of Labor & Indus., 57 Wash.App. 886, 890, 790 P.2d 1254 (1990)), review denied, 145 Wash.2d 1030, 42 P.3d 975 (2002); see also Automat Co. v. Yakima County, 6 Wash.App. 991, 995, 497 P.2d 617 (1972) (The two-step proof of mailing rule applies when an office handles such a large volume of mail that no one could be expected to remember any particular letter or notice.).
[9] Automat Co., 6 Wash.App. at 995, 497 P.2d 617.
[10] See Farrow v. Dep't of Labor & Indus., 179 Wash. 453, 455, 38 P.2d 240 (1934) (Proof of custom without proof of compliance with it is insufficient to establish proof of mailing.).
[11] 179 Wash. 453, 455, 38 P.2d 240 (1934).
[12] Id. at 456, 38 P.2d 240 (quoting Uhlman v. Arnholdt & Schaefer Brewing Co., 53 F. 485, 489 (1893)).
[13] Id.
[14] Similarly, a time/date stamp, signature, or other internal indication that the notice was mailed must be accompanied by evidence that it is part of an "office custom." An affidavit of mailing, commonly used in litigation, would suffice and would not require any additional evidence.
[15] He testified that he had experienced problems with mail theft.
[16] State v. Camarillo, 115 Wash.2d 60, 71, 794 P.2d 850 (1990).
[17] Because there is no proof of mailing, we do not reach the issue whether the commissioner erred by concluding Scheeler failed to show good cause for his untimely appeal.