# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| JUSTIN M. ROBINSON, | ) | |
| | ) | No. 73619-1-I |
| Appellant/ | ) | |
| Cross-Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| EMPLOYMENT SECURITY | ) | |
| DEPARTMENT OF THE STATE OF | ) | UNPUBLISHED OPINION |
| WASHINGTON, | ) | |
| | ) | FILED: July 17, 2017 |
| Respondent/ | ) | |
| Cross-Appellant. | ) | |

2017 JUL 17 AM 10: 55
COURT OF APPEALS DIV I
STATE OF WASHINGTON
FILED

BECKER, J. — Before us on discretionary review is a superior court order remanding for the taking of additional evidence in an administrative proceeding that upheld the denial of unemployment benefits. The case does not meet the criteria for reopening the record, but it does require a remand for a new set of findings and conclusions. The key evidence the agency relied on to deny benefits was unreliable hearsay, and it is unclear which party had the burden of proof with respect to the employee's claim that he gave notice instead of resigning effective immediately. We order the case remanded for reconsideration by the agency on the existing record.

FACTS

The following facts are undisputed. Appellant Justin Robinson was employed by Target beginning June 19, 2012. In May 2014, he decided to quit his position because of a personal conflict with his supervisor, John Randall. On May 17, Randall sent Robinson a text message advising him to follow Target's resignation notice policy rather than ending his employment on bad terms. Also on May 17, Robinson sent a text message to another supervisor, Julia Robison, saying that he intended to give two weeks' notice of his resignation. On May 18, Robinson telephoned Emily Hughes, a Target human resources manager, to tell her he was quitting.

Exactly what Robinson told Hughes in that phone call is the critical fact in dispute. According to Robinson, he told Hughes he was giving two weeks' notice. According to Target, he told her he was resigning effective immediately.

It is undisputed that Target immediately removed Robinson's name from the work schedule after that phone call and stopped paying him.

Robinson applied for unemployment compensation. The Employment Security Department denied Robinson's application on July 10, 2014, on the ground that he quit voluntarily without good cause.

Robinson appealed the decision to the Office of Administrative Hearings for the department. A hearing was held before an administrative law judge.

Robinson testified at the hearing that when he spoke with Hughes on the telephone, he told her he was putting in his two weeks' notice and that his last

day would be May 31. He said that when he next went to work as scheduled, he was not able to "punch in," and was told that he was not on the work schedule.

Target's representative at the hearing was Annie Kroshus, who had replaced Hughes as a human resources manager. Hughes was not present. Kroshus testified that Robinson told Hughes he was "voluntarily resigning" and that his decision to end his employment was "effective immediately. And so that is why he was removed."

If Robinson resigned effective immediately as Kroshus testified, it was a voluntary quit without good cause and he is not entitled to benefits. RCW 50.20.050. But if Robinson gave two weeks' notice and Target accelerated the date of the job separation without paying him through the notice period, it was an involuntary discharge and he is entitled to benefits under RCW 50.20.060. Safeco Ins. Cos. v. Meyering, 102 Wn.2d 385, 687 P.2d 195 (1984); In re Moa, Empl. Comm'r Dec. 1132 (1974); In re Sauer, Empl. Sec. Comm'r Dec.2d 334 (1977); In re Satcher, Empl. Sec. Comm'r Dec.2d 741 (1983).[1]

The judge asked Kroshus what information she was looking at, "as far as that his resignation was effective immediately?" Kroshus said she was testifying based on her review of e-mails:

> MS. KROSHUS: Um, so I just have—unfortunately, I only have a series of emails, uh, from Emily that she sent, um, to the—to the office.
> [JUDGE]: Okay. So if—I guess, from your experience in H.R., if any employee gives, um, notice to quit, is it always effective immediately or is an end date discussed?

---

[1] Opinions designated by the commissioner as precedential are persuasive authority in this court. RCW 50.32.095; Martini v. State Emp't Sec. Dep't, 98 Wn. App. 791, 795, 990 P.2d 981 (2000).

3

MS. KROSHUS: Yeah. So it is typically circumstantial. Uh, it sounds, based on all of the written correspondence that I have, um, it—it was effective immediately just over the phone. It's typical that we have someone still out.[2] A voluntary resignation form in which they write down when their last date will be, but that was not the case here. In the system—in our hiring system—Justin was keyed as, uh, a rehirable—personal rehire—personal rehirable, which means that he decided to leave for personal reasons. And it does mean that we would rehire him if he decided to come back to Target at a later date. Um, and that is just for our own records based on people wanting to return in the future.

[JUDGE]: So if Mr. Robinson had stated his last date—he wanted his last date to be the 31st of May, I guess, would H.R. override that and make it effective immediately?

MS. KROSHUS: No, we would—I mean, if—if the date was specified, and because, you know, for all intents and purposes it sounds like, um—and maybe John can speak more to this, but it sounds like Emily was really trying to work with Justin to extend a leave of absence they needed. But, um, if he had specified that date as his last date, that is what we would have keyed as the date. So unfortunately, I have no other information regarding what that date discussed was.

Hughes had sent the e-mails to Kim Sharner, "the unemployment hearing consultant," and to Lori Horn, "the unemployment insurance consultant for Workforce Solutions." Sharner and Horn were not present. The e-mail messages were not submitted as evidence.

A second witness for Target was John Randall, the supervisor with whom Robinson had a conflict. Randall, responding to questions from the judge, testified that on May 19, he was in the building on the second floor and Robinson could have contacted him but did not do so.

The judge asked Robinson how he thought Hughes got the impression that he was resigning effective immediately. Robinson answered that Hughes

---

[2] According to Robinson, there is an error in the transcript and it should read, "fill out" instead of "still out."

asked him if he wanted to take another leave of absence and he told her, "'I just cannot continue to work with John.'" But Robinson said he thought Hughes understood he was planning to work through the next two weeks. "I told her it was a two weeks—I'm putting in my two weeks. There was no effective immediately." He said he and Hughes used their calendars to count out two weeks and agreed that his last day of work would be May 31, and Hughes told him at the time she was typing that information into the corporate system.

The judge asked Robinson why he did not make a greater effort to contact someone at Target on May 19 to find out why he had been taken off the schedule. Robinson said he called Hughes and she told him she would look into it, but he never received a call back.

The administrative law judge issued an initial order determining that it was a voluntary quit. Her determination that Robinson notified Target that he was quitting effective immediately is set forth in two findings and a conclusion of law:

Finding of fact 9:

> Claimant stated [in a telephone conversation with Emily Hughes on May 18, 2014] that he could no longer work with his supervisor. Human Resources accepted claimant's resignation effective immediately.

Finding of fact 10:

> Claimant was scheduled to work on May 19, 2014. Because claimant had resigned claimant was taken off the schedule.

Conclusion of law 5:

> In this case the claimant alleges that employer accelerated the job separation when he intended to work two weeks after his notice. The undersigned concludes the claimant's testimony was not credible and finds that claimant notified the employer that his

5

resignation was effective immediately, on May . . . 18, 2014.[3] Claimant voluntarily resigned from his position and this case is properly adjudicated as a quit under RCW 50.20.050.

Findings of fact 9 and 10 are not clear as to whether Robinson said his resignation was effective immediately, or whether Target decided to treat the resignation as effective immediately. Conclusion of law 5 contains the only statement on the disputed issue, where the judge "finds that claimant notified the employer that his resignation was effective immediately." We will review this statement as a finding rather than as a legal conclusion.

Robinson obtained review by the Commissioner of the Employment Security Department. The decision of the commissioner, issued by a review judge in the commissioner's review office, affirmed the decision of the administrative law judge. The findings of fact and conclusions of law were adopted with minor changes.

Robinson petitioned for review in superior court. The superior court was "unable to determine" whether the agency decision was supported by substantial evidence:

> The Court is unable to determine whether the Commissioner's findings of facts are supported by substantial evidence due to its dependence on unreliable hearsay evidence specifically the testimony of a human resources employee characterizing emails written by a different employee (no longer with Target). These emails were not part of the administrative record, were not written contemporaneously to the events at issue, and did not constitute business records.

---

[3] The administrative law judge finding was "May 17 or 18," but the commissioner modified it to "May 18" based on the record.

6

The court ordered a remand of the commissioner's decision back to the Office of Administrative Hearings for additional fact-finding on the issue of whether Robinson resigned giving two weeks' notice or resigned effective immediately when talking with Emily Hughes. The order stated, "Both parties should have the opportunity to submit additional evidence."

The superior court's remand order is before this court on Robinson's motion for discretionary review.

1. <u>The superior court abused its discretion by reopening the record for additional fact-finding</u>

Robinson correctly contends the court lacked statutory authority to reopen the record for the taking of additional evidence.

"Judicial review of a decision of the commissioner involving the review of an appeals tribunal decision may be had only in accordance with the procedural requirements of RCW 34.05.570," the Administrative Procedure Act. RCW 50.32.120.

Generally, judicial review of an agency action is confined to the agency record. RCW 34.05.558. Remand of a matter for additional fact-finding is allowed in certain circumstances by RCW 34.05.562(2):

> The court may remand a matter to the agency, before final disposition of a petition for review, with directions that the agency conduct fact-finding and other proceedings the court considers necessary and that the agency take such further action on the basis thereof as the court directs, if:
> (a) The agency was required by this chapter or any other provision of law to base its action exclusively on a record of a type reasonably suitable for judicial review, but the agency failed to prepare or preserve an adequate record;

(b) The court finds that (i) new evidence has become available that relates to the validity of the agency action at the time it was taken, that one or more of the parties did not know and was under no duty to discover or could not have reasonably been discovered until after the agency action, and (ii) the interests of justice would be served by remand to the agency;

(c) The agency improperly excluded or omitted evidence from the record; or

(d) A relevant provision of law changed after the agency action and the court determines that the new provision may control the outcome.

A superior court's decision to expand the record under RCW 34.05.562 is reviewed by this court for abuse of discretion. Amalgamated Transit Union, Local 1384 v. Kitsap Transit, 187 Wn. App. 113, 122-23, 349 P.3d 1, review denied, 184 Wn.2d 1005 (2015).

The superior court did not identify the source of its authority to order additional fact-finding. The department contends the court was presented with a situation where "the agency failed to prepare or preserve an adequate record," RCW 34.05.562(2)(a). This is incorrect. The problem identified by the superior court was the unreliability of the evidence presented by Target, not a failure by the agency to prepare or preserve a record suitable for judicial review. Target decided to present its case without calling Emily Hughes as a witness and without submitting her e-mails into the record. Target's failure to present reliable evidence is not attributable to the department.

The department alternatively contends a court may remand for further fact-finding when there is insufficient evidence to support the agency decision. For this proposition, the department relies on Hong v. Department of Social &

Health Services, 146 Wn. App. 698, 192 P.3d 21 (2008), review denied, 165 Wn.2d 1052 (2009).

In Hong, after a key witness completed her testimony supporting the agency's position, a document came to light that cast doubt on the credibility of the witness. The administrative law judge for the agency denied a motion to reopen the case to allow further cross-examination of the witness concerning the document. Hong, 146 Wn. App. at 705. The superior court remanded for further proceedings to address the witness's credibility. Hong, 146 Wn. App. at 705. This court held that the superior court's remand order was authorized by RCW 34.05.562(2)(c), which allows remand if the agency "improperly excluded or omitted evidence from the record." RCW 34.05.562(2)(c). Hong does not hold that a party may be given a second opportunity to submit evidence when the evidence presented at the administrative hearing is insufficient to support that party's position on appeal.

We conclude the superior court abused its discretion by remanding for the taking of additional evidence. The matter must be decided on the existing agency record.

2. The existing record does not support the finding that Robinson resigned effective immediately

On cross review, the department requests affirmance of the commissioner's decision. The department contends that even without the testimony about the Hughes e-mails, the existing agency record contains substantial evidence to prove that Robinson resigned effective immediately.

In reviewing an agency decision, we sit in the same position as the superior court and apply the standards of the Administrative Procedure Act directly to the administrative record. Campbell v. State Emp't Sec. Dep't, 180 Wn.2d 566, 571, 326 P.3d 713 (2014). Thus, the decision we review is that of the agency. Campbell, 180 Wn.2d at 571.

The decision of the commissioner on matters relating to the Employment Security Act is prima facie correct, and the burden is on the challenger to show otherwise. RCW 50.32.150. Under the Administrative Procedure Act, Robinson has "the burden of demonstrating the invalidity of agency action." RCW 34.05.570(1)(a). We may grant relief to Robinson only if he has been "substantially prejudiced by the action complained of." RCW 34.05.570(1)(d).

The standards for granting relief from an agency order in an adjudicative proceeding are stated in RCW 34.05.570(3). Robinson's primary argument for relief is that the order "is not supported by evidence that is substantial when viewed in light of the whole record before the court." RCW 34.05.570(3)(e). Substantial evidence is evidence of a sufficient quantity to persuade a fair-minded person of the truth and correctness of the agency action. Campbell, 180 Wn.2d at 571.

Hearsay evidence is admissible in administrative proceedings "if in the judgment of the presiding officer it is the kind of evidence on which reasonably prudent persons are accustomed to rely in the conduct of their affairs." RCW 35.05.452(1). Findings of fact may be based on such evidence even if it would be inadmissible in a civil trial. "However, the presiding officer shall not base a

finding exclusively on such inadmissible evidence unless the presiding officer determines that doing so would not unduly abridge the parties' opportunities to confront witnesses and rebut evidence. The basis for this determination shall appear in the order." RCW 35.05.461(4). Robinson contends that the commissioner's finding in conclusion of law 5 is invalid because it is based solely on the inadmissible hearsay evidence provided by Kroshus.

The department prudently declines to defend the admission of the Kroshus testimony summarizing the contents of the Hughes e-mails. As the superior court recognized, this was unreliable hearsay evidence. Instead, the department maintains that the disputed finding is supported by substantial circumstantial nonhearsay evidence: (1) Kroshus testified that it was the employer's practice to key the separation date requested by the employee directly into the work schedule, and the date keyed in for Robinson was May 18; (2) She testified that Target typically has an employee fill out a voluntary resignation form specifying their last date of employment, and Robinson did not fill out this form; (3) She testified that Robinson was considered eligible for rehire; and (4) Robinson testified that he tried to clock in for work on May 19, but he was unable to explain why, if he was surprised by being turned away, he did not get in touch with John Randall, who was in the building at the time.

Strictly speaking, RCW 35.05.461(4) does not apply because the presiding officer based her finding at least in part on the circumstantial evidence itemized above. But we arrive at the same outcome. The circumstantial evidence, when viewed in light of the whole record, is not enough to persuade a

11

fair-minded person that Robinson told Hughes he was resigning effective immediately.

The employer's alleged practice of keying in the employee's requested separation date is not decisive. Kroshus said, "But, um, if he had specified that date [May 31] as his last date, that is what we would have keyed as the date. So unfortunately, I have no other information regarding what that date discussed was." This is not evidence that Robinson said he was resigning effective immediately. Also, it is not evidence that it was Hughes who keyed in May 18 as Robinson's last day of work. And Hughes was not available for questioning about this topic.

The other items of nonhearsay evidence have even less persuasive value. There was no testimony that Robinson knew he was supposed to fill out a voluntary resignation form to establish that he was giving two weeks' notice. The fact that Robinson was keyed in as eligible for rehire suggests just as readily that he tried to leave on good terms as that he quit without giving notice. Randall's testimony that he was working on the second floor and did not see or talk to Robinson is not irreconcilable with Robinson's testimony that he was told Randall was not present when he tried to clock in. When the unreliable hearsay evidence provided by Kroshus is set aside, the record does not support the finding that Robinson resigned effective immediately. The only admissible evidence is that Robinson gave two weeks' notice. Accordingly, we reject the department's request to affirm the commissioner's decision. Robinson has demonstrated that

12

the commissioner's decision is not correct and that he was prejudiced by the commissioner's use of unreliable hearsay.

3. <u>The matter must be remanded to the department for a new set of findings and conclusions</u>

The next question is what relief Robinson is entitled to as a result of the agency's unsupported finding that he resigned effective immediately. Robinson contends he is entitled to an award of unemployment benefits and attorney fees.

While the department has failed to prove that Robinson resigned effective immediately, it is also not an established fact that Robinson gave two weeks' notice. This is because the administrative law judge found Robinson was not a credible witness:

> The testimony of the parties conflicted on material points regarding the job separation. The undersigned, having carefully considered and weighed all the evidence, including the witness demeanor (as determined by voice, attitude, straightforwardness, unreasonable hesitancy in responses), party motivations, the reasonableness and consistency of the testimony throughout the hearing and as related to prior document submissions in connection with the benefits claim and claim response, whether the testimony was of first-hand knowledge or hearsay, and the totality of the circumstances presented, finds that the testimony of employer is more credible. The testimony of employer's witnesses was logical and consistent. It does not make logical sense that employer would have accelerated the job separation, but still considered claimant to be eligible for re-hire. No does it make logical sense that claimant would have been able to correspond with supervisors and human resources over the phone and through text message on May 17-18, 2014, yet after May 19, 2014 claimant was not able to speak or correspond with a supervisor or human resources. Claimant testified that he arrived at work on May 19, 2014 and was not able to clock in. Claimant testified that he spoke with a supervisor, but does not remember to whom he spoke. Claimant's supervisor testified at hearing and was present in the store during the time which claimant states he tried to clock in on May 19, 2014. The

13

supervisor did not see claimant or have any knowledge of claimant ever coming in to the store that day.

Finding of Fact 4.

In this case the claimant alleges that employer accelerated the job separation when he intended to work two weeks after his notice. The undersigned concludes the claimant's testimony was not credible and finds that claimant notified the employer that his resignation was effective immediately.

Conclusion of Law 5. The commissioner's review judge independently made the same determination. "Additionally, our thorough review of the record convinces us the claimant is not a credible witness."

In assessing the credibility of a witness, this court may not substitute its judgment for that of the agency tribunal. See, e.g., Scheeler v. Dep't of Emp't Sec., 122 Wn. App. 484, 490-91, 93 P.3d 965 (2004). This is particularly true when the credibility assessment is based on witness demeanor. Here, the agency based its assessment of Robinson's credibility in part on demeanor and in part on a judgment that the testimony of Kroshus and Randall was more logical and consistent than Robinson's testimony. As discussed above, the testimony of Kroshus had no value, and Randall likewise had no personal knowledge of what was said in the May 18 phone call between Robinson and Hughes. For that reason, the agency's credibility assessment may not stand as is. Nevertheless, because the commissioner did not believe Robinson when he said he told Hughes he was giving two weeks' notice, we may not conclude as a matter of law that Robinson did give two weeks' notice. Thus, we are not in a position to require the commissioner to adjudicate Robinson's job separation as a discharge rather than as a voluntary quit.

14

The Administrative Procedure Act provides guidance in this situation. It allows, among other options, a remand for further proceedings.

> (1) In a review under RCW 34.05.570, the court may (a) affirm the agency action or (b) order an agency to take action required by law, order an agency to exercise discretion required by law, set aside agency action, enjoin or stay the agency action, remand the matter for further proceedings, or enter a declaratory judgment order. The court shall set out in its findings and conclusions, as appropriate, each violation or error by the agency under the standards for review set out in this chapter on which the court bases its decision and order. In reviewing matters within agency discretion, the court shall limit its function to assuring that the agency has exercised its discretion in accordance with law, and shall not itself undertake to exercise the discretion that the legislature has placed in the agency. The court shall remand to the agency for modification of agency action, unless remand is impracticable or would cause unnecessary delay.

RCW 34.05.574.[4]

We believe the appropriate disposition of these cross motions for discretionary review is to remand the matter for the agency to take a second look. The agency should reexamine the existing record and generate a new set of findings and conclusions in light of this opinion. Questions to be considered on remand include the following:

Burden of proof. The Employment Security Act, Title 50 RCW, sets aside unemployment reserves to be used for the benefit of persons unemployed through no fault of their own. RCW 50.01.010. In general, to accomplish this end, the act provides for the payment of unemployment benefits to unemployed individuals unless a claimant is disqualified from receiving such benefits.

---

[4] A court's authority to remand for further proceedings under RCW 34.05.574 is distinct from its authority to remand for the taking of additional evidence under RCW 34.05.562. As discussed above, circumstances that would permit reopening the record are not present here.

Meyering, 102 Wn.2d at 388-89. An individual is disqualified from receiving benefits if he or she left work voluntarily without good cause. RCW 50.20.050(1). The characterization of Robinson's job separation as a voluntary quit depends on whether he resigned effective immediately or whether he gave notice and Target accelerated the date of the job separation without paying Robinson through the notice period. How is the burden of proof allocated in this situation? Did Target have the burden of proving that Robinson resigned effective immediately, or did Robinson have the burden of proving that he gave two weeks' notice?

Credibility determination. The agency determined that Robinson's testimony was not credible when compared to the testimony of the employer's witnesses. When Robinson's testimony is reassessed in light of this opinion, was it credible?

## 4. Robinson's request for an award of attorney fees is premature

Robinson requests an award of attorney fees. If the decision of the commissioner is reversed or modified, attorney fees "shall be payable out of the unemployment compensation administration fund." RCW 50.32.160. On discretionary review, Robinson has demonstrated that he is entitled to relief from the superior court's decision to require reopening of the record for further fact-finding. But it is not yet clear that the existing record calls for a reversal or modification of the commissioner's decision that the job separation was a voluntary quit. If the outcome on remand is a decision that reverses or modifies the current decision of the commissioner, the commissioner shall award fees to Robinson, including fees for this appeal.

16

Remanded to the commissioner for further proceedings consistent with this opinion.

Becker, J.

WE CONCUR:

Mann, J.

Schindler, J.