**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| JISOO J. KIM,<br><br>               Appellant,<br><br>     v.<br><br>STATE OF WASHINGTON<br>EMPLOYMENT SECURITY<br>DEPARTMENT,<br><br>           Respondent. | No. 84444-0-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

MANN, J. — Jisoo Kim appeals an administrative decision dismissing her untimely appeal of the Washington Employment Security Department's (Department) decision to deny her employment benefits under RCW 50.20.050 and order her to pay an overpayment. She argues (1) the commissioner's conclusion that Kim received the determination notice during the appeal period is not supported by substantial evidence and (2) the commissioner erred when she concluded Kim did not show good cause for filing a late appeal. Because there is insufficient evidence to establish proof of mailing during the appeal period, we reverse and remand for proceedings consistent with this opinion.

I.

In March 2020, Kim separated from her employer. Soon after, Kim applied for unemployment benefits. The Department originally granted Kim unemployment benefits, which she received from May 17, 2020, to August 15, 2020.

On July 30, 2021, the Department issued a determination notice that denied Kim benefits under RCW 50.20.050 and ordered her to pay an overpayment of $3,003. The notice stated that Kim could appeal the decision by mail, fax, or use of the Department's eServices portal. It also stated that if she wished to appeal, she had until August 30, 2021.

On September 4, 2021, Kim received an invoice dated August 30, 2021 to repay benefits. Kim began investigating, tried to call the Department, and logged into her eServices account. Kim found the option to appeal and submitted her appeal that same day—five days after the appeal period expired.

The Office of Administrative Hearings (OAH) scheduled a hearing to determine whether Kim had good cause for filing an untimely appeal, whether she voluntarily quit without good cause, and whether she must repay an overpayment. At the hearing, Kim testified that she never received the determination notice. The OAH concluded that Kim had not overcome the presumption that she received the notice and failed to show good cause for filing an untimely appeal. Kim petitioned for review and a commissioner affirmed the decision of the administrative law judge (ALJ). Kim appealed the decision to King County Superior Court, which certified the appeal to this court.

II.

Kim argues first that there is insufficient evidence to support the OAH's conclusion that the Department met its presumption that the determination notice was mailed and that Kim received the notice in time to timely appeal. We agree.

Judicial review of a final Department administrative decision is governed by the Washington Administrative Procedure Act (APA), ch. 34.05 RCW. Tapper v. State Emp't Sec. Dep't, 122 Wn.2d 397, 402, 858 P.2d 494 (1993). A reviewing court may reverse an administrative decision when: "(1) the administrative decision is based on an error of law; (2) the decision is not based on substantial evidence; or (3) the decision is arbitrary or capricious." Tapper, 122 Wn.2d at 402 (citing RCW 34.05.570(3)). Evidence is substantial if it persuades a fair-minded person of the truth of the fact a party seeks to prove. Heinmiller v. Dep't of Health, 127 Wn.2d 595,607, 903 P.2d 433 (1995). When reviewing an administrative action, this court applies the standards of the APA directly to the record before the agency. Tapper, 122 Wn.2d at 402 (citing Macey v. State, Dep't of Emp't Sec., 110 Wn.2d 308, 312, 752 P.2d 372 (1988)). We review the OAH's legal decisions de novo but give substantial deference to the Department's interpretation of employment security law. Safeco Ins. Cos. v. Meyering, 102 Wn.2d 385, 391, 687 P.2d 195 (1984).

RCW 50.32.020 does not address the Department's proof of mailing requirements.[1] But generally, for an office that handles a large volume of mail, proof of

___

[1] RCW 50.32.020 addresses appeals and states, in relevant part:
[t]he applicant or claimant, his or her most recent employing unit or any interested party which the commissioner by regulation prescribes, may file an appeal from any determination or redetermination with the appeal tribunal within thirty days after

mailing may be made by showing (1) an office custom for mailing and (2) compliance with the custom in the specific instance. Farrow v. Dep't of Lab. & Indus., 179 Wash. 453, 455, 38 P.2d 240 (1934); Automat Co. v. Yakima County, 6 Wn. App. 991, 995, 497 P.2d 617 (1972). Once a party proves the item was mailed, the law presumes that "the mails proceed in due course and that the letter is received by the person to whom it is addressed." Automat Co., 6 Wn. App. at 995.

This court addressed when the presumption of mailing arises in Scheeler v. Department of Employment Security, 122 Wn. App. 484, 93 P.3d 965 (2004). In Scheeler, the Department determined that the claimant was ineligible to receive unemployment benefits and sent a final determination notice stating they could appeal. Scheeler, 122 Wn. App. at 487. The determination notice stated, "[a] copy of this determination notice was mailed to the interested parties at their address on 12/07/2001." Scheeler, 122 Wn. App. at 489.

At the OAH hearing, the Department offered no proof a determination notice was mailed within the appeal period and it offered no testimony or affidavit from the person at the Department who purportedly mailed the notice to Scheeler. Scheeler, 122 Wn. App. at 489. And the Department offered no evidence of its custom in mailing determination notices or whether a custom, if it exists, was followed. Scheeler, 122 Wn. App. at 489. Based on the language in the notice, however, the OAH concluded that the claimant had failed to overcome the presumption that they had received the notice.

---

the date of notification or mailing, whichever is earlier, of such determination or redetermination to his or her last known address.

This court reversed, holding that the OAH erred as a matter law by concluding that the claimant had not overcome the presumption that he received the notice because "there was no proof of mailing from which the presumption arises." Scheeler, 122 Wn. App. at 490.[2]  The court also explained "a time/date stamp, signature, or other internal indication that the notice was mailed must be accompanied by evidence that it is part of an 'office custom.'  An affidavit of mailing, commonly used in litigation, would suffice and would not require any additional evidence." Scheeler, 122 Wn. App. at 490 n.2.  Thus, the Scheeler court found that "by itself, the language is insufficient to establish that the letter was properly sealed, stamped, and deposited in the U.S. mail on that date because the notation may have been typed before the letter was purportedly mailed." Scheeler, 122 Wn. App. at 490.  The court held that the presumption that Scheeler received the letter did not arise and reversed. Scheeler, 122 Wn. App. at 490-91.

Scheeler is dispositive.[3]  The determination notice to Kim states that the Department "sent a copy of this letter to the people or businesses listed below."  No one from the Department testified at the hearing, the Department did not provide an affidavit about the purported mailing to Kim, nor did it offer any evidence of custom or whether

---

[2] Scheeler relied on Farrow, where the Supreme Court found that the fact that a "'letter bore a certain date, was at some time mailed, and was at some subsequent time received'" was insufficient to establish a presumption that the letter was received within any particular period.  179 Wash. at 456 (quoting Uhlman v. Arnholdt & Schaefer Brewing Co., 53 F. 485, 489 (1893)).

[3] Kim also cites In re Frisbee, No. 03-2004-16462 (Wash. Emp't Sec. Dep't Comm'r Dec. No. 898, 2d Series Sept. 24 2004), in support of her position.  In Frisbee, no evidence was presented to establish that the notice was mailed on the date stated.  The commissioner cited Scheeler and held "there is no basis for finding that the determination notice was mailed to the claimant on May 29, 2004, despite a recital on the face of that determination notice of that date as the mailing date."  Moreover, in Frisbee, the claimant's testimony established that he did not receive the notice until June 29, 2004, and then promptly filed the appeal.  Similarly, here, Kim testified that she did not receive the determination notice, but she did receive an invoice, then promptly investigated and filed an appeal the same day.

custom was followed in this case.  Thus, without proof of mailing, there was no presumption that the letter was received. The OAH erred by concluding otherwise.

Because there is insufficient evidence to establish proof of mailing during the appeal period, we reverse and remand for proceedings consistent with this opinion.[4]

_____ Mann, J.

WE CONCUR:

_____   _____
Coburn, J.                        Bowman, J

---

[4] Because there is no proof of mailing, we do not reach whether the commissioner erred by concluding Kim failed to show good cause for her untimely appeal.