# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| RENTON SCHOOL DISTRICT # 403, | ) | No. 75379-7-I |
| | ) | |
| Appellant, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| | ) | |
| DANIEL D. DOLPH and THE | ) | |
| DEPARTMENT OF LABOR & | ) | |
| INDUSTRIES OF THE STATE OF | ) | |
| WASHINGTON, | ) | UNPUBLISHED OPINION |
| | ) | |
| Respondents. | ) | FILED: November 27, 2017 |
| | ) | |

MANN, J. — RCW 51.52.050 requires the Washington Department of Labor and Industries (Department) to serve an order closing a workers' compensation claim on the injured worker by mail promptly after it closes the claim. After initially mailing a copy of Daniel Dolph's closing order to the incorrect address and being notified of Dolph's correct address, the Department waited almost two years before mailing the closing order to Dolph. Dolph filed his administrative appeal within 60 days of his receipt of the mailed closing order. Renton School District # 403 (District) appeals a decision by the Board of Industrial Insurance Appeals (Board) and King County Superior Court concluding Dolph's appeal was timely. The District claims that the Board and superior

court erred either because: (1) Dolph's receipt of the closing order from a third party triggered the 60-day deadline to appeal or (2) the Department complied with RCW 51.52.050 with its initial mailing and thus triggered the appeal deadline. We disagree and affirm.

## FACTS

Dolph was employed as a groundskeeper for the District. In August 2010, Dolph was injured when a roll bar on a riding lawn mower he was using dropped and hit him on the head. The Department approved Dolph's workers' compensation claim and received medical treatment and other benefits.

On March 27, 2012, the Department issued an order that closed Dolph's claim with no further medical treatment or benefits. The Department did not mail the closing order to Dolph. Instead, it mailed the closing order to the Walthew Law Firm. Dolph had authorized the law firm to review his file but did not hire the firm to represent him. The law firm had not notified the Department that it represented Dolph. On April 6, the law firm notified the Department by letter that it did not represent Dolph. The letter advised the Department to send the closing order to Dolph because it had "not been communicated to him." The letter included Dolph's address. The Department did not remail the March 2012 closing order to Dolph until May 6, 2014.

In July 2012, Dolph spoke with a claims manager with Eberle Vivian, the company that administered the District's workers' compensation claims. The claims manager advised Dolph that his claim was closed but that he could file an application to reopen it if he believed he needed additional medical treatment. At Dolph's request, the claims manager mailed him a copy of the March 2012 closing order. On August 27,

2012, Dolph faxed the claims manager and requested "the rest of [his] file." Dolph received his file, including the March 2012 closing order, in September or October 2012.

In November 2013, Dolph filed a protest and request for reconsideration with the Department. The Department, for the first time, mailed Dolph a copy of the March 2012 closing order on May 6, 2014. On May 23, Dolph filed an additional request for reconsideration.

On July 21, 2014, the Department denied Dolph's request to reconsider the March 2012 order because Dolph did not protest that order within 60 days of March 27, 2012, as required by RCW 51.52.060.

Dolph appealed the Department's July 21, 2014 order to the Board. The Board reversed the Department, concluding that the March 2012 closing order did not become final until the Department mailed it to Dolph on May 6, 2014. The Board therefore concluded that Dolph's May 23, 2014, request to reconsider the closing order was timely. The District appealed the Board's order to the superior court. The superior court entered findings and an order affirming the Board. The District now appeals the superior court's decision.

## ANALYSIS

### Standard of Review

In an appeal of a superior court decision reviewing a decision by the Board, we review the superior court's decision as in other civil cases. RCW 51.52.140; Malang v. Dep't of Labor & Indus., 139 Wn. App. 677, 683, 162 P.3d 450 (2007). We do not review the Board's decision, nor does the Administrative Procedures Act apply. See, Rogers v. Labor & Indus., 151 Wn. App. 174, 179-81, 210 P.3d 355 (2009). The

superior court reviews the Board's decision de novo based on the Board's record. RCW 51.52.115. We review the superior court's findings of fact to determine whether they are supported by substantial evidence and whether its conclusions "flow from the findings." Ruse v. Dep't of Labor & Indus., 138 Wn.2d 1, 5, 977 P.2d 570 (1999) (internal quotations omitted).

Workers' compensation statutes are liberally construed, though they may not be construed "in a way that would lead to a strained or unrealistic interpretation." Dep't of Labor & Indus. v. Granger, 159 Wn.2d 752, 757, 153 P.3d 839 (2007) (internal quotations omitted) (citing RCW 51.12.010). The court resolves any disagreement over a Title 51 provision in the workers' favor. Granger, 159 Wn.2d at 757. Additionally, "[w]hile the Board's interpretation of the Act is not binding [on] this court, it is entitled to great deference." Weyerhaeuser Co. v. Tri, 117 Wn.2d 128, 138, 814 P.2d 629 (1991).

### Communication of Closing Order

The District argues first that the trial court erred in concluding that the March 2012 closing order did not become final until the Department mailed it to Dolph in May 2014. The District contends that because the District's claims manager sent the closing order to Dolph in September or October 2012, he was required to appeal the order within 60 days of receipt. We disagree. We agree instead with the Department's interpretation: that RCW 51.52.050 requires the Department—not the worker's employer or other third party—to communicate the Department's orders to the worker.

The fundamental purpose in interpreting a statute is to give effect to the legislature's intent. State v. Larson, 184 Wn.2d 843, 848, 365 P.3d 740 (2015). "If the statute's meaning is plain on its face, then the court must give effect to that plain

meaning as an expression of the Legislature's intent." Larson, 184 Wn.2d at 848. The court discerns plain meaning from the ordinary meaning of the language at issue, the context of the statute in which the provision is found, related provisions, and the statutory scheme as a whole. Larson, 184 Wn.2d at 848; Dep't of Ecology v. Campbell & Gwinn, 146 Wn.2d 1, 12, 43 P.3d 4 (2002).

RCW 51.52.050(1) expressly provides that the Department is required to mail its orders closing claims to the worker:

> Whenever the department has made any order, decision, or award, it shall promptly serve the worker, beneficiary, employer, or other person affected thereby, with a copy thereof by mail, or if the worker, beneficiary, employer, or other person affected thereby chooses, the department may send correspondence and other legal notices by secure electronic means except for orders communicating the closure of a claim.

(Emphasis added.) Although the statute allows for electronic service of some orders, closing orders must be sent by mail. RCW 51.52.050(1).

The statute further requires that the Department mail its closing orders to the last known address:

> Correspondence and notices must be addressed to such a person at his or her last known postal or electronic address as shown by the records of the department.

RCW 51.52.050(1). The statute also requires the Department to notify the parties that a decision will become final if it is not challenged in a timely fashion, stating that the order:

> shall bear . . . a statement . . . that such final order . . . shall become final within sixty days from the date the order is communicated to the parties unless [an appeal or protest is filed].

RCW 51.52.050(1).

Read together, the plain language of RCW 51.52.050(1) requires the Department to mail its closing orders to the affected persons to their correct address and the closing order must inform the parties of their appeal rights. The Department agrees.

The District focuses on the term "communicated" to argue that the March 2012 closing order became final 60 days after it was mailed by the claims manager. The District is correct that the term "communicated" has been interpreted to mean "received." See, e.g., Arriaga v. Dep't of Labor & Indus., 183 Wn. App. 817, 825, 335 P.3d 977 (2014) (Department mailed order to doctor's office and it was communicated when the office received the mail); Kaiser Aluminum v. Dep't of Labor & Indus., 57 Wn. App. 886, 889, 790 P.2d 1254 (1990) (Department mailed order to employer and it was deemed communicated upon receipt); Rodriquez v. Dep't of Labor & Indus., 85 Wn.2d 949, 952-53, 540 P.2d 1359 (1975) (Department mailed order to worker and it was deemed communicated when received, despite worker's inability to read the order). But words in a statute cannot be read in isolation and in disregard of the language of the statute as a whole. Burns v. City of Seattle, 161 Wn.2d 129, 146, 164 P.3d 475 (2007). RCW 51.52.050 does not only say that a closing order becomes final 60 days after an order is "communicated." Read in context, the statute also expressly directs how the order is to be communicated: the order must be mailed by the Department.

The District also cites to language in RCW 51.52.060(1)(a) requiring an appeal of a Department order or decision to be filed within 60 days of when the order was communicated. But RCW 51.52.060 must be read in conjunction with RCW 51.52.050 as they are closely related statutory provisions. Larson, 184 Wn.2d at 848; Burns, 161 Wn.2d at 146. Read together, RCW 51.52.060(1)(a) requires an appeal be filed within

60 days of the order being communicated and RCW 51.52.050(1) explains how the order is communicated. The closing order must be mailed by the Department, not a third party in order to be communicated and trigger the deadline for filing an appeal.

### Mailing to Wrong Address

The District argues next that the trial court erred in concluding Dolph's appeal was timely because the Department complied with RCW 51.52.050(1) when it mailed the March 2012 closing order to the Walthew Law Firm the day it was issued. The Department, however, concedes that it mailed the closing order to the wrong address because it did not have authority to mail to the law firm instead of Dolph. Substantial evidence supports the Board and the superior court's finding that the Walthew Law Firm did not represent Dolph in March 2012 and that the Department did not mail the closing order to Dolph until May 2014. We accept the Department's concession.

### Attorney Fees

Dolph requests attorney fees under RCW 51.52.130(1). Under RAP 18.1(a), this court may grant a party its attorney fees on appeal when an applicable law allows. RCW 51.52.130(1) requires a court to award a worker her or his attorney fees in situations where a party who is not the worker is appealing the worker's right to relief and that relief is sustained on appeal. Dolph is a respondent here and he prevails, preserving an order affirming his right to relief. Accordingly, under RCW 51.52.130(1), we award Dolph his reasonable attorney fees upon his compliance with RAP 18.1(d).

Affirmed.

_____
Mann, J.

WE CONCUR:

_____
Spearman, J.

_____
Schindler, J.